**UNITED STATES of America,
Appellee,**

v.

**I. James BEDNARSKI, Jr., Defendant,
Appellant.**

**No. 7706.**

United States Court of Appeals,
First Circuit.

July 22, 1971.

See, also, D.C., 312 F.Supp. 913.

---

Sebastian J. Ruggeri and Marguerite M. Dolan, Greenfield, Mass., on brief for appellant.

Herbert F. Travers, Jr., U. S. Atty. and Wayne B. Hollingsworth, Asst. U. S. Atty., on motion for summary disposition, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

The basic question in this case, whether a court may be required to accept a plea of guilty, calls for a rather detailed statement of the facts. The defendant, who operated a nursing home, was indicted on six counts for fraudulent income tax returns. After extensive discovery and pre-trial proceedings counsel notified the court that defendant was willing to plead guilty to count 5, the United States Attorney stating that upon such a plea he would dismiss the other counts. Pursuant to F.R.Crim.P. 11 the court addressed the defendant and inquired if any threats or promises had been made. He replied in the negative. In the light of the government's statement of its intent with regard to the other counts, this would seem a little less than accurate, but at least the inaccuracy was manifest. What was not manifest was that the government had privately said that it would recommend a one month sentence and a $1,000 fine —at least defendant so states in his brief. If that was true we cannot too strongly condemn all parties involved, the defendant, his counsel and the United States Attorney. Any attorney, knowing that a promise has been made, even in so relatively small an area as a recommended sentence, who allows, in silence, a defendant in effect to deny the fact to the court, must face disciplinary action.

Before any occasion for sentencing arose, however, the proceedings aborted. In the course of examining the defendant the court inquired whether he had knowingly understated his tax. Defendant denied knowledge of the falsity at the time of filing his return. Whether this was for tactical reasons bearing on his tax penalties does not appear, but when the court said it would not accept the plea in the face of the denial, defendant reasserted his lack of knowledge. Counsel made no protest. Thereafter defendant was tried and found guilty on all six counts. The court sentenced him to four months concurrent, on each, and imposed a $1,500. fine on each, a total of $9,000. So far as the fines are concerned, this was more than could have been imposed under count 5, so, quite apart from the four month versus possibly one month sentence, defendant is worse off than if his original plea had been accepted and the other counts had been dismissed. He appeals.

Defendant relies upon the principle most recently announced in North Carolina v. Alford, 1970, 400 U.S. 25, 91 S. Ct. 160, 27 L.Ed.2d 162, that a court may accept a guilty plea if satisfied that there was strong evidence of guilt, even though the defendant, while offering to plead, denies that he was in fact guilty. We find nothing in *Alford* that obliges the court to accept a guilty plea merely because it was warranted in so doing. Indeed, in dicta the Court explicitly rejected such a proposition. 400 U.S. at

38 n. 11, 91 S.Ct. 160. *See also* Lynch v. Overholser, 1962, 369 U.S. 705, 719, 82 S.Ct. 1063, 8 L.Ed.2d 211. Nor do we find such a requirement in Rule 11.[1] The first portion is clearly "may," not "shall." The "shall" portion imposes a condition, for the protection of an ignorant defendant, see Advisory Committee Note, F.R.Crim.P. 11 (1966), not an obligation to accept the plea.

■■■■ We see at least two reasons why the court must have discretion whether or not to accept a plea even though a strong case may be made as to its voluntariness. The first is that a conviction affects more than the court and the defendant; the public is involved. However legally sound the *Alford* principle, which of course we do not dispute, the public might well not understand or accept the fact that a defendant who denied his guilt was nonetheless placed in a position of pleading guilty and going to jail. Particularly may this be so in income tax cases.[2] A judge may properly not wish to put the court in the position of being an apparent partner to a circumstantial web woven by the Internal Revenue Service to fine and jail a person who has not been tried and who protests his innocence.

Defendant's view could produce even more direct difficulties. We could not support a principle under which, if the court refused to accept a plea, the defendant after trial and a conviction and a sentence not to his liking could return and freely litigate the correctness of the court's finding that the requirements of Rule 11 had not been fully met. We

may agree that a court must seriously consider accepting a tendered plea if it is fully satisfied, even though the defendant asserts his actual innocence, and commend this obligation to the district courts. At the same time, we believe the defendant's burden to show an abuse of discretion in refusal should be heavier than the court apparently felt in such cases as Griffin v. United States, 1968, 132 U.S.App.D.C. 108, 405 F.2d 1378, and McCoy v. United States, 1966, 124 U.S.App.D.C. 177, 363 F.2d 306, 307. But whatever the burden, we find in the record in the case at bar no abuse. See Maxwell v. United States, 9 Cir., 1966, 368 F.2d 735.

Defendant makes a further point, that in his argument to the jury the prosecutor appealed to the jurors' personal interests. The sentence complained of is not a masterpiece of grammatical construction. However, it lends itself far less to defendant's interpretation than to a proper one. Furthermore, no objection appears on the record. *See* United States v. Cotter, 1 Cir., 1970, 425 F.2d 450, 453. It is axiomatic that we do not take counsel's statement that he complained at the bench as preservation of rights. The criticized sentence in no manner approaches plain error.

The government has filed a motion under Local Rule 6 for summary affirmance without oral argument. We have considered defendant's brief responding thereto, and find no reason for believing that we would be aided by oral argument.

Affirmed.

---

1. "A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere.* The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea." F.R. Crim.P. 11.

2. This court is mindful that not long ago a defendant who pleaded guilty to income tax evasion and was not asked by the court whether he was in fact guilty, emerged from the courtroom to tell the newspapers that he was wholly innocent and a victim of circumstances and friendship, and succeeded in being elected to Congress from jail.