**Andrew MAWSON, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 72–1116.**

United States Court of Appeals, First Circuit.

Submitted May 23, 1972.

Decided June 15, 1972.

---

**30**

Joseph L. Tauro, U. S. Atty., and James B. Krasnoo, Asst. U. S. Atty., on memorandum on resentencing for appellee.

Maurice F. Ford, Dorchester, Mass., on memorandum in reply for appellant.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

In this case petitioner sought, through substitutions and amendments, various forms of relief following a three-year sentence imposed upon a plea of guilty. A hearing was had before a magistrate, who filed a comprehensive report, which was confirmed by the district court. The court held that he was entitled to no relief. It is clear, however, upon the facts found by the magistrate, corroborated by supplementary facts asserted by both sides in connection with the appeal, which we accept to the extent that they are in agreement,[1] that petitioner is entitled to relief.

The sentencing in this case took place before our decision in United States v. Bednarski, 1 Cir., 1971, 445 F. 2d 364, and the circumstances are somewhat less favorable to petitioner than those hypothesized in that case. Nonetheless, they are not sufficiently different to justify the district court's present disregard of what we said therein. The facts in the present case are that petitioner agreed to plead if the government dismissed an indictment and substituted an information, and that in consideration of petitioner's "cooperation" with regard to the government's claims against other defendants the government[2] would take that fact into consideration in connec-

1. To the extent that petitioner's counsel asserts a somewhat more favorable situation than that acknowledged by the government, it does not increase the substance of his claim.

2. Strictly, the only promise was by the Assistant U. S. Attorney that he would recommend leniency to the United States Attorney, as distinguished from what the United States Attorney would recommend to the court. Whatever value there is in this distinction, the United States Attorney was in fact prepared to recommend a sentence less substantial than the one the court imposed.

tion with its recommendation as to sentence. The government did not at that time state, or even intimate, any specifics as to what that recommendation would be. The United States Attorney did, however, thereafter, following the plea, come to a conclusion with respect to his recommendation. The court, however, did not permit the recommendation to be expressed.

The court should have, and presumably would have, asked for the government's recommendation had it known that the government had promised to make one. Santobello v. New York, 1971, 404 U.S. 257, 92 S.Ct. 495, 30 L. Ed.2d 427. The court was deprived of this knowledge by the government's silence at the time the defendant disavowed having been offered any inducement for his guilty plea. This was before we pointed out in *Bednarski* the inappropriateness of such a charade. *Bednarski*, however, preceded the present proceeding, and should have controlled it.

It is difficult for a judge, having once made up his mind, to resentence a defendant, and both for the judge's sake, and the appearance of justice, we remand this case to be redrawn. The new district judge shall review all pertinent circumstances, including the recommendation of the U. S. Attorney, and shall thereupon, if he deems it appropriate, resentence the defendant. So that, hopefully, there may be no further misunderstanding, hereafter, before a court accepts a plea it shall inform the defendant that at the time of sentence it will inquire whether any promise was made with respect to recommending a sentence, either by the Assistant U. S. Attorney to the United States Attorney or by or on behalf of the United States Attorney to the court. Secondly, before imposing sentence the court shall inquire whether any such promise was in fact made, and if so, what it was. This does not mean that the court is obliged to accept the recommendation or that the defendant will have any complaint if it does not.