**UNITED STATES of America,
Appellee,**

**v.**

**Stanley J. BISCOE, Defendant,
Appellant.**

No. 74–1383.

United States Court of Appeals,
First Circuit.

Argued April 7, 1975.

Decided May 23, 1975.

Patricia G. Curtin, Boston, Mass., by appointment of the Court, with whom Moulton, Looney & Mazzone, Boston, Mass., was on brief, for defendant, appellant.

Paul E. Troy, Asst. U. S. Atty., with whom James N. Gabriel, U. S. Atty., and Richard E. Bachman, Asst. U. S. Atty., Chief, Crim. Div., were on brief, for appellee.

Before COFFIN, Chief Judge, McEN-TEE and CAMPBELL, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

After a jury trial Biscoe was found guilty of aiding and abetting one Russell Jones in the business of unlicensed dealing in firearms. 18 U.S.C. §§ 2, 922(a)(1). He was sentenced to a term of three years imprisonment, to be served on and after a state sentence. Later, on Biscoe's motion, the federal sentence was reduced to two years.

He now claims that it was an abuse of discretion for the district court to refuse to accept his plea of guilty, and also, upon sentencing, to take into consideration his failure to express repentance.

The jury was impanelled in Biscoe's case on September 30, 1974. Several months earlier, Russell Jones had pleaded guilty, receiving a four year sentence, of which six months was to be served, the remainder suspended. After the jury was impanelled, Biscoe asked to change his plea. However, when asked if he actually committed the crime, he said "I don't think I did it but the way the law reads and the way it is explained to me, I guess I did it." Thereafter the court asked to hear the Government's version of events, and did so at some length, after which it expressed profound skepticism that there was enough evidence to prove Biscoe an aider and abettor. Biscoe himself meanwhile interjected that he "wasn't nowhere near there" when the firearms were acquired. Finally after an extended but inconclusive colloquy, the following occurred:

"THE COURT: Were you there to' assist Mr. Jones in this transaction?
THE DEFENDANT: No. I wasn't.
THE COURT: If he says that, I don't see how I can accept a plea. We will have to try it."

Biscoe now argues that he had a right to have his plea accepted. We disagree. Our position on the subject was set forth in *United States* v. *Bednarski*, 445 F.2d 364 (1st Cir. 1971). *United States* v. *Gaskins*, 158 U.S.App.D.C. 267, 485 F.2d 1046 (1973), cited by Biscoe, relies upon authorities in that circuit [1] which in *Bednarski* we expressly declined to follow. We said, 445 F.2d at 366, "we believe the defendant's burden to show an abuse of discretion in refusal should be heavier than the [D.C.] court apparently felt." While Fed.R.Crim.P. 11 provides that "A defendant may plead not guilty, [or] guilty . . .", it goes on to state that "The court may refuse to accept a plea of guilty . . ." and that "The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea." There may be circumstances where it would be unreasonable for a court to reject a guilty plea even though the defendant declines to admit guilt, but we find no abuse of discretion here. The Government's evidence presented at the Rule 11 hearing was by no means strong, and had the court accepted the plea in the face of Biscoe's expressions of innocence, it could have been faced with later claims of lack of compliance with Rule 11, as well as doubts as to the appropriateness and justice of its decision.

We also find no merit in Biscoe's contention that the sentence was infected because the sentencing court improperly took into account defendant's lack of repentance during the trial. The court made reference at sentencing, rather unhappily, to the fact that its observation of the defendant during the trial persuaded it that the defendant was in no way repentant. In isolation, such a remark might indicate that a court had taken into account improper considerations in formulating its sentence. A defendant is not required to admit to guilt during a trial nor, indeed, afterwards.

---

1. *Griffin* v. *United States*, 132 U.S.App.D.C. 108, 405 F.2d 1378 (1968); *McCoy* v. *United States*, 124 U.S.App.D.C. 177, 363 F.2d 306 (1966).

But in context[2] we think the court was referring not to a failure to admit guilt but to the fact that during the trial the defendant, as noted in the record, put on what the court termed at the time an "extensive dramatic display" through gestures and facial expressions. Such conduct, for what it said about Biscoe's attitude, was a factor of which the court could take note. The court's other remarks about the basis of its sentence showed that it relied upon entirely appropriate matters, including Biscoe's extensive prior criminal record.

The sentence itself was severe but was within legal limits, and we cannot say that the district court abused its considerable discretion in sentencing.

Affirmed.

2. "THE COURT: All right. Well, I am not taking into consideration any of the record of convictions except those cases stated in the additional information as being cases in which the Defendant was represented. But even with those cases, we have a history of progressively serious violations of crimes and my observation of the Defendant during the trial persuaded me that he was in no way repentant, nor is he a candidate for, at least he doesn't strike me as a very good risk for rehabilitation on the outside. I am persuaded that the only way this course can be stopped is by the imposition of the steadily more severe sentences, and I think in this particular case, the United States Attorney has been more generous than he should be."