**In re Richard ARVEDON, Petitioner.**

**No. 75–1319.**

United States Court of Appeals, First Circuit.

Argued Sept. 9, 1975.

Decided Sept. 19, 1975.

---

**23.** *See also* note 6, *supra*.

David Rosenberg, with whom Rosenberg & Baker, Boston, Mass., was on petition for writ of mandamus and memorandum in support thereof.

James E. O'Neil, Asst. U. S. Atty., with whom James N. Gabriel, U. S. Atty., Boston, Mass., was on memorandum in opposition to the petitioner.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

This is a petition in the nature of a mandamus seeking review of the district court's refusal to accept petitioner's plea of guilty.

Petitioner, Richard Arvedon, was indicted in the Middle District of Florida on a two-count indictment charging transportation of stolen traveller's checks in interstate commerce and conspiracy in violation of 18 U.S.C. §§ 2314 and 371. On April 10, petitioner, a resident of Massachusetts, surrendered himself to the United States Marshal in Boston. After consultation with his attorney, he requested to proceed pursuant to Fed.R.Crim.P. 20 and to plead guilty to the Florida charges in the District of Massachusetts. The appropriate United States Attorneys assented to this request.

On July 8, 1975, petitioner appeared before the district court in Massachu-

setts pursuant to Rule 20. In the course of examination under Fed.R.Crim.P. 11, the district court discovered that the petitioner's desire not to return to Florida for trial was one of the factors inducing him to plead guilty in Massachusetts. The district court immediately, as a matter of policy, refused to accept Arvedon's plea of guilty, doing so without ever proceeding to inquire into the defendant's belief concerning his guilt or innocence or into the factual basis for the plea. The case was ordered retransferred to Florida that same day.

 Ordinarily, review of rejection of guilty pleas is had upon appeal of subsequent convictions, and not upon petitions for mandamus. *See, e.g., United States v. Bednarski*, 445 F.2d 364 (1st Cir. 1971). The present petition, however, arises in extraordinary circumstances. As a direct consequence of the rejection of the plea, the case was transferred from the District of Massachusetts to the Middle District of Florida. The petition, therefore, constitutes a challenge to the authority of the district court to order the case transferred under Rule 20(c). Mandamus jurisdiction of this court is properly invoked even though the transfer back to Florida is otherwise complete. *See Farrell v. Wyatt*, 408 F.2d 662 (2d Cir. 1969). Other factors contribute to the exercise of supervisory mandamus jurisdiction in this case. The petition raises a question of first impression concerning the interplay between Rules 11 and 20 of the Federal Rules of Criminal Procedure. *See Schlagenhauf v. Holder*, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). Moreover, it is doubtful that meaningful appellate review of the action of the Massachusetts court will ever be available, leaving defendant without a remedy for any violation of his Rule 20 rights.

 In reviewing the merits, we start with the well settled proposition that a court may reject a plea of guilty in the exercise of sound judicial discretion. *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *United States v. Biscoe*, 518 F.2d 95 (1st

Cir. 1975). But here the district court, though doubtless motivated to protect petitioner from an improvident plea, terminated the hearing before examining into either the factual basis for the plea or the petitioner's belief as to his guilt or innocence. It could not, therefore, have given the tendered plea the serious consideration that Rule 11 presumes. *See United States v. Bednarski, supra*, 445 F.2d at 366.

 There is, moreover, a more specific flaw in the disposition of the guilty plea in this case. The court refused to accept the plea solely because the defendant was "pleading guilty . . . because he doesn't want to go back to Florida." The purpose of Rule 20 is to benefit defendants by sparing them the hardships associated with appearance and trial in another jurisdiction. Advisory Comm. on Rules, Note to Rule 20, 18 U.S.C.A. *See also* 8 Moore, Federal Practices ¶ 20.2 (2d ed. 1975). The petitioner, who has lived in Massachusetts for several years, is in the precise situation which this rule was designed to remedy. The court's rejection of petitioner's guilty plea for the reason it provided was therefore in conflict with the policy underlying Rule 20.

 Rules 11 and 20 should be read in harmony with one another. *Singleton v. Clemmer*, 83 U.S.App.D.C. 107, 166 F.2d 963 (1948). The court is, of course, not obliged to accept an involuntary or improvident plea of guilty because the defendant comes before it on a Rule 20 transfer. *See Owensby v. United States*, 353 F.2d 412 (10th Cir. 1965). But, since every defendant who invokes Rule 20 does so from a desire not to return to the indicting district, that desire, by itself, is an impermissible reason to reject a proffered plea of guilty under Rule 11. Were we to sanction a court's refusal to accept a guilty plea in a proceeding pursuant to Rule 20 solely because of a defendant's disinclination to return to the transferring district, we would in effect be countenancing judicial suspension of that rule.

*Accordingly, we direct the district court to vacate the order of transfer to the Middle District of Florida, and to conduct further proceedings consistent with this opinion.*