366 A.2d 148.

STATE *vs.* LEONARD JACKSON.

DECEMBER 2, 1976.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

Doris, J. This is an indictment charging the defendant, Leonard Jackson, with the crime of robbery in violation of G. L. 1956 (1969 Reenactment) §11-39-1. After trial in Superior Court, the jury returned a verdict of guilty against the defendant. A sentence of five years at the Adult Correctional Institutions, four of which were suspended, and probation for five years was thereafter imposed on the defendant.

The defendant was indicted by the grand jury on January 21, 1974, on a charge of robbery in violation of §11-39-1. Plea negotiations took place between defendant's attorney and the state prior to the assigned trial date. The negotiations resulted in an agreement to reduce the charge from robbery to assault with intent to rob and a recommended sentence of five years with all five to be suspended, and five years probation in exchange for a plea of guilty by defendant. The state's willingness to plea bargain was based in part on the fact that the complaining witness, George A. Danakas, was thought not to be available at the trial. The trial justice, in chambers, gave his conditional approval to the plea bargain arrangement subject to confirmation after seeing the presentence report, and noted that defendant could withdraw his plea if the recommended sentence was not approved.

On September 9, 1974, when the state moved to amend the indictment reducing the charge to assault with intent to rob, the trial justice asked defendant in open court if this was acceptable. The defendant's response was to make a statement indicating his desire to plead guilty but also strongly protesting his innocence. In the ensuing colloquy, the trial justice explained to defendant the consequences of pleading guilty as opposed to going to trial. Finally, in face of defendant's continuing insistence that he was innocent, the trial justice refused to grant the state's motion to amend the indictment or to accept defendant's plea. He ordered the matter set down for trial on the original charge.

After trial in Superior Court on the original charge of robbery, the jury returned a verdict of guilty on October 11, 1974. On December 12, 1974, defendant was brought before the trial justice for sentencing. The state recommended a sentence of five years with three years to be suspended, and the defense recommended five years with all five years to be suspended. The trial justice imposed a sentence of five years in the Adult Correctional Institutions with four years to be suspended and five years of probation to follow his release. The defendant thereupon was released on personal recognizance of $5,000 pending appeal to this court.

The defendant is here pressing two arguments before this court, neither of which relate to the substantive criminal conduct of which he was convicted. He claims that the trial justice abused his discretion and violated Super. R. Crim. P. 11 in not allowing defendant to plead to a lesser charge, thereby "forcing" him to go to trial. Further, defendant asserts that the state's attorney was bound not to change his sentence recommendation after the trial, and and by so changing it committed prejudicial error.

The defendant relies on the case of *North Carolina* v. *Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970),

for the proposition that the trial justice's discretion to refuse a plea of guilty is limited to cases where there is no factual basis for the plea. He argues that the trial justice made no attempt to ascertain whether a factual basis for the plea existed and, therefore, he erred in rejecting defendant's plea of guilty despite the fact that defendant refused to admit his guilt. The Court in *Alford* did say that a plea of guilty may be accepted in situations where a defendant would not admit of his participation in the crime. However, at the same time, the Court said that under Fed. R. Crim. P. 11, a trial justice is not bound to accept such a guilty plea. *North Carolina* v. *Alford, supra* at 38 n.11, 91 S.Ct. at 168 n.11, 27 L.Ed.2d at 172 n.11. The mandatory part of Fed. R. Crim. P. 11 (and Rhode Island's Rule 11) is that a factual basis must be established if a court is to accept a guilty plea. The converse, that once a factual basis is established a guilty plea must be accepted, does not follow from this rule.

In *Santobello* v. *New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427, 433 (1971), the Court said that, "There is, of course no absolute right to have a guilty plea accepted" (quoting *Lynch* v. *Overholser,* 369 U.S. 705, 719, 82 S.Ct. 1063, 1072, 8 L.Ed.2d 211, 220 (1962)).

The First Circuit has also dealt with this problem and found that a trial justice *may* decline to accept a guilty plea, in his discretion, if the defendant refuses to admit participation in the crime. *United States* v. *Bednarski,* 445 F.2d 364 (1st Cir. 1971). The court in this case involving tax evasion said:

> "[A] conviction affects more than the court and the defendant; the public is involved. * * * the public might well not understand or accept the fact that a defendant who denied his guilt was nonetheless placed in a position of pleading guilty and going to jail." *Id.* at 366.

*Accord, United States* v. *Biscoe,* 518 F.2d 95 (1st Cir. 1975). *Contra, United States* v. *Gaskins,* 485 F.2d 1046 (D.C. Cir. 1973).

We agree with the position taken by the First Circuit that the trial justice should have discretion to reject such a guilty plea if not accompanied by an admission of guilt. It would be unsound policy to *require* a justice to place in the correctional process persons who have neither been adjudged guilty beyond a reasonable doubt after trial nor admitted their participation in a crime. Of course, in those instances where a justice is convinced of the guilt of the defendant who pleads guilty but refuses to admit guilt, he would have the discretion to accept such a plea, but would not be required to do so.[1]

Although there may be some circumstances where it would be an unreasonable abuse of discretion to reject a guilty plea, the trial justice in this case found it inappro-

---

[1]The drafters of Fed. R. Crim. P. 11 have come to similar conclusions in the annotations to the rule. They said:

"The rule does not speak directly to the issue of whether a judge may accept a plea of guilty where there is a factual basis for the plea but the defendant asserts his innocence. (Citation omitted.) The procedure in such cases would seem to be to deal with this as a plea of nolo contendere, the acceptance of which would depend upon the judge's decision as to whether acceptance of the plea is consistent with 'the interest of the public in the effective administration of justice' [new rule 11(b)]. The defendant who asserts his innocence while pleading guilty or nolo contendere is often difficult to deal with in a correctional setting, and *it may therefore be preferable to resolve the issue of guilt or innocence at the trial stage* rather than leaving that issue unresolved, thus complicating subsequent correctional decisions. The rule is intended to make clear that a judge may reject a plea of nolo contendere and require the defendant either to plead not guilty or to plead guilty under circumstances in which the judge is able to determine that the defendant is in fact guilty of the crime to which he is pleading guilty." *Notes of Advisory Committee on Rules,* 18 U.S.C.A. Rule 11 at 27 (1975). (Emphasis added.)

priate to accept defendant's guilty plea without an accompanying admission of guilt. His reasons correspond closely to those in *Bednarski* and in the *Notes of Advisory Committee on Rules,* 18 U.S.C.A. Rule 11 (1975).[2] We find no error by the trial justice in this ruling.

The defendant's second argument is that the state's attorney should have been bound by the plea agreement even though the trial justice declined to accept it, and therefore he committed prejudicial error in making a different sentence recommendation to the justice after trial was had on the original indictment.

We have carefully researched this problem and have found little direct guidance as to the proper procedure to be followed when a plea of guilty is *not accepted* by a trial justice. However, there is a great deal of authority as to the procedure to be followed when a plea is either withdrawn or appealed and set aside. The overwhelming majority of jurisdictions are in agreement that in both of those instances, the defendant is put back in "status quo", and any plea agreement becomes a nullity. *See Cardillo* v. *United States,* 476 F.2d 631 (5th Cir. 1973); *United States ex rel. Williams* v. *McMann,* 436 F.2d 103 (2d Cir. 1970); *cf. State* v. *Freeman,* 115 R.I. 523, 351 A.2d 824 (1976) (where the plea bargain was enforced on appeal after the trial justice had first accepted and then rejected it). *See also* Bishop, *Broken Bargains,* 50 J. Urban L. 231 (1972) (and cases cited at page 233 n.8). *Contra, Mullreed* v. *Kropp,* 425 F.2d 1095 (6th Cir. 1970).

The "typical" situation is one in which a defendant agrees to plead guilty and the state reduces the charge

---

[2]At page 6 of the transcript of December 12, 1974, the trial justice said: "Do we want to have in the Adult Correctional Institutions people who have openly, on the record stated their innocence? I think that is a very poor state of affairs. That is the reason for my reluctance to put a man in the Adult Correctional Institutions when he is unwilling to indicate that he was involved in any criminal activity."

or drops one or more of the indictments and recommends a sentence less than the maximum. In many cases, the defendants have then withdrawn pleas or appealed from the subsequent judgments and have had them overturned. It is standard procedure in those instances for the pleadings to begin anew on the *original indictments*. "If the state court decides to allow withdrawal of the plea, the petitioner will, of course, plead anew to the original charge on two felony counts." *Santobello* v. *New York, supra* at 263 n.2, 92 S.Ct. at 499 n.2, 30 L.Ed.2d at 433 n.2.

The Supreme Court remanded the *Santobello* case and gave the lower court discretion to allow the defendant to withdraw his plea or have specific performance of his bargain. However, in *Santobello* it was the prosecution who reneged on its bargain by making sentence recommendations inconsistent with the agreement after the defendant had pleaded guilty and was about to be sentenced. The prosecution "broke its bargain", and the defendant should not have been forced to suffer for it. Here, we have defendant Jackson "reneging" by refusing to admit guilt and thus making the bargain a nullity. The trial justice refused to accept Jackson's plea without an admission of guilt, and at that point, "all bets were off" and the case proceeded from the original indictment. This is distinguished from *Santobello,* where the prosecution was the "breaching" party and an option to specifically enforce the bargain was given to the lower court.

To hold otherwise and enforce the prosecution's part of the bargain when the defendant "breaches" would be to allow and encourage the defendants to manipulate the plea bargaining system in such a manner as to make it totally unworkable. It would allow the defendants to make a bargain and then withdraw it, have it rejected by the court, or appeal the court's acceptance of it (on whatever grounds are available) and then be "forced to trial". If

the prosecution cannot then proceed on the original indictments and make sentence recommendations commensurate with those indictments, then a loophole will have been placed in the system. At worst, the defendants would be convicted and sentenced in compliance with the bargain; at best, they would be acquitted. We are unwilling to create such a loophole.

> "Indeed, any reason the defendant could conceive for setting aside his plea and sentence would lose him little. If the defendant's argument were to prevail, then a trial on the lesser charge only could result. The defendant would thus run no risks by this maneuver for his trial could end in acquittal, but if he should be convicted, he urges he could not receive a sentence greater than that imposed on the guilty plea to the lesser offense. This is nothing more than a 'heads-I-win-tails-you-lose' gamble. To frustrate this strategy, prosecutors would be restrained from entering plea bargains, thereby adding further to the staggering burdens of our criminal courts, and judges would become more rigid in exercising their discretion in favor of permitting withdrawal of a guilty plea. This would hardly enhance the administration of criminal justice. *United States ex rel. Williams* v. *McMann, supra* at 107.

The defendant would also have us take an expansive view of *North Carolina* v. *Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and force the state's attorney to justify its recommendation of a more severe sentence after trial in terms of a change in defendant's conduct. The *Pearce* holding was to prevent vindictive treatment of a defendant exercising his right to appeal a conviction by forcing justification of more severe sentencing upon retrial. However, the distinctions between this case and *Pearce are* so great as to make *Pearce* inapposite.

In *Pearce,* the defendant, after a successful appeal, was given a substantially longer sentence on reconviction for the *same* offense. Here, defendant Jackson was convicted

of a more serious offense than the one to which he was willing to plead guilty (robbery instead of assault with intent to rob). In addition, many of the reasons for negotiating the sentence were no longer present when the case went to trial.[3] In particular, the state's primary witness, whose participation was questionable, became available for the trial. Also, the state was no longer to be spared the time and expense of trial since the bargain was never fulfilled. These reasons negate any rationale for forcing the prosecution to justify its sentencing recommendations as was the case in *Pearce*. There is no suggestion of retaliatory motivation in the changed recommendation but instead evidence of a major change in circumstances. We see no reason on these facts to require the prosecution to justify its sentence recommendation in the strict way defendant suggests. The change in circumstances occurred

---

[3]In *Brady v. United States*, 397 U.S. 742, 752, 90 S.Ct. 1463, 1471, 25 L.Ed.2d 747, 758-59 (1970), the Court commented on possible reasons for plea bargaining prior to trial as follows:

"For a defendant who sees slight possibility of acquittal, the advantages of pleading guilty and limiting the probable penalty are obvious—his exposure is reduced, the correctional processes can begin immediately, and the practical burdens of a trial are eliminated. For the State there are also advantages—the more promptly imposed punishment after an admission of guilt may more effectively attain the objectives of punishment; and with the avoidance of trial, scarce judicial and prosecutorial resources are conserved for those cases in which there is a substantial issue of the defendant's guilt or in which there is substantial doubt that the State can sustain its burden of proof. It is this mutuality of advantage that perhaps explains the fact that at present well over three-fourths of the criminal convictions in this country rest on pleas of guilty, a great many of them no doubt motivated at least in part by the hope or assurance of a lesser penalty than might be imposed if there were a guilty verdict after a trial to judge or jury."

For a more comprehensive discussion of the factors that may justify a reduction in penalty upon a plea of guilty, see ABA Project on Minimum Standards for Criminal Justice, *Standards Relating to Pleas of Guilty* §1.8 and Commentary at 37-52 (Approved Draft, 1968).

when the plea was not accepted and the trial ensued. This was enough to justify the changed recommendation since the bargain was unfulfilled and the prosecution had to re-assess its position based on the guilty verdict on the original indictment for robbery rather than a guilty plea to a lesser offense which would have been the bargain if the plea had been accepted and the indictment amended. There is no indication that defendant was thereby being penalized for going to trial. (See note 3, *supra*).

The Superior Court justice therefore was correct in his rulings and did not err either in not accepting the guilty plea or later in the sentencing procedure.

The defendant's appeal is denied and dismissed, the judgment appealed from is sustained and the case is re-manded to the Superior Court.

*Julius C. Michaelson*, Attorney General, *Judith Romney Wegner*, Special Asst. Attorney General, for plaintiff.

*William F. Reilly*, Public Defender, *James Ruggiero*, Asst. Public Defender, for defendant.