Roy **MEADOWS**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 980S380.

Supreme Court of Indiana.

Dec. 10, 1981.

Michael J. McDaniel, New Albany, for appellant.

Linley E. Pearson, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

The appellant, Roy L. Meadows, was charged by an information with two counts of burglary, Ind.Code § 35–43–2–1, and one count of theft, Ind.Code § 35–43–4–2. He entered into a plea agreement with the State, but the trial court rejected it. After a jury trial, he was convicted on all counts and sentenced to ten years' imprisonment on each burglary count and two years' imprisonment on the theft charge, the sentences to be served consecutively.

■ We do not have jurisdiction on this case under Ind.R.App.P. 4(A)(7) because no single sentence is greater than ten years. *Menefee v. State*, (1981) Ind., 417 N.E.2d 302; *Reynolds v. State*, (1981) Ind., 422 N.E.2d 1239. We will, however, exercise our discretionary authority in order to avoid the delay which would result from transferring the case to the Court of Appeals.

### I.

The appellant entered into a plea agreement with the State in which he agreed to plead guilty to one burglary count and accept a six-year jail sentence, and to plead guilty to the theft count and accept a concurrent two-year sentence, in return for the State's promise not to prosecute the other burglary charge. The court addressed the appellant concerning the consequences of pleading guilty, the rights he would be waiving, and the range of possible sentences to which he would be exposed; and informed him that the court is not a party to a plea bargain and would not be bound thereby, in compliance with the requirements of Ind.Code § 35–4.1–1–3. The court also made the appropriate inquiries concerning the voluntariness of the plea and examined the appellant to determine if there was a factual basis for the plea, pursuant to the commands of Ind.Code § 35–4.1–1–4. Following this, the court rejected the plea bargain without stating its reasons.

The appellant contends that the rejection was an abuse of discretion. He urges us to adopt a rule that if no proper cause exists to vitiate the plea the trial court should be obliged to accept it, in line with several cases in the federal courts which have discussed the issue. *United States v. Martinez*, (5th Cir. 1973) 486 F.2d 15; *United States v. Bednarski*, (1st Cir. 1971) 445 F.2d 364; *Griffin v. United States*, (D.C.Cir.1968) 405 F.2d 1378; *McCoy v. United States*, (D.C.Cir.1966) 124 U.S.App.D.C. 177, 363 F.2d 306.

These cases dealt with the question whether, after the requirements of Rule 11, Fed.R.Crim.P.[1], regarding acceptance of pleas of guilty or nolo contendere have been satisfied, the trial court is required to accept the plea in the absence of "good reason" for rejection. The Fifth Circuit and the District of Columbia Courts of Appeals have fashioned a rule wherein it is an abuse of discretion for a trial court to reject a plea of guilty unless there is good reason for the rejection, once the requirements of Rule 11 have been satisfied. *United States v. Martinez, supra; Griffin v. United States, supra; McCoy v. United States, supra.* The First Circuit Court of Appeals

requires only that a trial judge "must seriously consider accepting a tendered plea of guilty." *United States v. Bednarski, supra.*

We do not find these cases persuasive on the point urged by the appellant. The resolution of the issue before us requires us to distinguish between the issue of acceptance of a plea of guilty, on the one hand, and acceptance of the terms of a plea bargain, on the other hand. *Martinez* does not address the issue of acceptance of the plea bargain, but only the question of whether a plea of guilty ought to be accepted. Viewed in the light of the distinction drawn above, the crux of that case was that the District Court erroneously determined that the guilty plea was involuntarily entered. Similarly, in *Bednarski*, the issue was not acceptance of the terms of a plea bargain, but rather "[t]he basic question . . . whether a court may be required to accept a plea of guilty. . . ." 445 F.2d at 365. The trial court had refused to accept a guilty plea because the defendant maintained his innocence. The defendant argued that the principle announced in *North Carolina v. Alford*, (1970) 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162, that a court may accept a guilty plea in the face of a defendant's

---

1. "(a) Alternatives. A defendant may plead not guilty, guilty, or nolo contendere. If a defendant refuses to plead or if a defendant corporation fails to appear, the court shall enter a plea of not guilty.

(b) Nolo Contendere. A defendant may plead nolo contendere only with the consent of the court. Such a plea shall be accepted by the court only after due consideration of the views of the parties and the interest of the public in the effective administration of justice.

(c) Advice to Defendant. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:

(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and

(2) if the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if necessary, one will be appointed to represent him; and

(3) that he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by

a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and

(4) that if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial; and

(5) that if he pleads guilty or nolo contendere, the court may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement.

(d) Insuring That the Plea is Voluntary. The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the government and the defendant or his attorney."

continuing claim of innocence, required the court to accept the plea. The First Circuit held that "nothing in *Alford* ... *obliges* the court to accept a guilty plea merely because it is warranted in doing so," and affirmed the trial court. (Emphasis added.) *United States v. Bednarski*, 445 F.2d at 365.

*McCoy* does address the issue of acceptance of a plea bargain. The reviewing court emphasized that if the plea of guilty is made in connection with a plea bargain, "a discretion remained with the trial court, notwithstanding the conditions specified in [Rule 11, Fed.R.Crim.P.] were met." 363 F.2d at 306. It was in this context that the court held that there was no abuse of discretion in refusing to accept a guilty plea in the face of a defendant's claim of innocence. The same reviewing court held that there was an abuse of discretion in rejecting an offer to plea guilty to a lesser included offense in the face of a defendant's statements that he was not guilty, when incriminating evidence clearly established that there was a factual basis for the plea. *Griffin v. United States*, 405 F.2d at 1380.

None of these cases supports the appellant's argument that a trial court is required to state reasons for refusing to accept the terms of a plea bargain, and that in the absence of a statement of reasons, the court must accept the bargain.

Appellant also cites two cases from the District of Columbia Court of Appeals: *Punch v. United States*, (1977) D.C.App., 377 A.2d 1353; *Hockaday v. United States*, (1976) D.C.App., 359 A.2d 146. These cases are inapposite because the first involved the court's failure to comply with established requirements in connection with entering a plea of guilty, and the second involved a blanket refusal to hear from either the defendant or the prosecution concerning a proffered plea. We are not faced here with non-compliance with our statutory requirements nor with a refusal to consider a plea bargain. The record shows that rejection followed strict compliance with the mandates of the statutes and consideration of the proffered terms.

■ A defendant has no absolute right to have a guilty plea accepted, and a court may reject a plea in the exercise of its sound judicial discretion. *Santobello v. New York*, (1971) 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427; *Clemons v. State*, (1981) Ind., 424 N.E.2d 113; *Stacks v. State*, (1978) Ind.App., 372 N.E.2d 1201; *Griffith v. State*, (1975) 163 Ind.App. 11, 321 N.E.2d 576. His right to acceptance of a plea bargain is subject to even broader discretion, we believe.

■ The absence of specific reasons for rejection does not evidence, in Indiana, abuse of discretion. In the sentencing process, we require the sentencing court to support its decision with reasons only when it departs from imposing the basic sentence or imposes consecutive sentences. If it imposes the basic sentence, or imposes concurrent sentences on multiple convictions, we presume that the court has properly weighed the mitigating and aggravating circumstances. *Gardner v. State*, (1979) Ind., 388 N.E.2d 513. Similarly, when the court, after complying strictly with the guilty plea statutes, and after taking evidence on the factual basis for the plea, rejects a plea bargain, we will presume that the court has properly evaluated the propriety of accepting it.

There was no error in rejecting the plea bargain.

## II.

■ After rejection of the plea bargain, the defense made an oral motion for a change of venue from the judge on the grounds that, as the result of hearing evidence on the factual basis for the plea at the plea hearing, the judge must have been prejudiced against the appellant having formed an opinion of the appellant's guilt. The motion was denied, and appellant claims that this was error. An oral motion, however, does not trigger a change of venue. The rule applicable at the time provided:

"In all cases where the venue of a criminal action may now be changed from the judge, such change shall be granted

upon the execution and filing of an un-verified application therefor by the state of Indiana or by the defendant.

\* \* \* \* \* \*

In any criminal action, no change of judge . . . shall be granted except within the time herein provided. An application for a change of judge . . . shall be filed within ten (10) days after a plea of not guilty, or if a date less than ten (10) days from the date of said plea, the case is set for trial, the application shall be filed within five (5) days after setting the case for trial.

\* \* \* \* \* \*

Provided, however, that if the applicant first obtains knowledge of the cause for change of venue from the judge or from the county after the time above limited, he may file the application, which shall be verified by the party himself specifically alleging when the cause was first discovered, how it was discovered, the facts showing the cause for a change, and why such cause could not have been discovered before by the exercise of due diligence."

Under the facts here, the defendant was required to file a written application alleging the facts showing the cause for change. Having failed to comply with the rule, the appellant cannot complain of the court's decision.

We note, however, that the claimed cause would not have required the court to grant the application for a change of judge, if it had been properly submitted. In *Clemons v. State*, (1981) Ind., 424 N.E.2d 113, we addressed a claim that a trial court's rejection of a plea bargain constituted prejudice and bias sufficient to require a change of judge. Justice Hunter held that since discretion to accept a plea agreement is lodged in the trial court,

"the act of rejecting a plea bargain is not sufficient of itself to establish the bias and prejudice of the trial court. . . . The fact that a defendant has appeared before a certain judge in prior actions does not establish the existence of any bias or

prejudice on that judge's part." *Id.* at 116

There was no error in denying the oral motion for change of judge.

### III.

Appellant next claims that the judgment and verdict are contrary to the law and not supported by the evidence because the State failed to prove all of the elements of burglary on one of the burglary counts. The appellant was charged with the burglary of the residence of Earl Martin. The burglary statute provides:

"A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a class C felony. However, the offense is a class B felony if it is committed while armed with a deadly weapon or if the building or structure is a dwelling, and a class A felony if it results in either bodily injury or serious bodily injury to any other person." Ind. Code § 35–43–2–1.

At trial, Martin testified that when the police were at his house investigating a break-in, he told them that a watch and several pennies from a coin collection were missing. A watch and several "wheat pennies" were found on the appellant when he was caught. Martin was asked, "Was anything taken from the residence?" He replied, "Not that I know of." Appellant claims that this left the State with no evidence on the essential element of intent to commit a felony, since Martin was unable to identify the watch and pennies as his. The State urges us to interpret Martin's testimony to mean that nothing other than the watch and pennies was known to have been taken. Even if we did not adopt this interpretation, we find that the evidence was sufficient.

■■ The mere breaking into a dwelling house does not constitute evidence of intent to commit a felony, but intent can be inferred from other evidence. *Anderson v. State*, (1981) Ind., 426 N.E.2d 674; *Carter v. State*, (1976) 265 Ind. 535, 356 N.E.2d 220; *Lisenko v. State*, (1976) 265 Ind. 488, 355

N.E.2d 841. Martin testified that when he returned to his house on the night of the incident, he found a door to have been forced open. He testified that throughout the house drawers and closets were opened and the contents strewn about. In addition he testified that some things were missing, although his testimony on this point was conflicting. The testimony that an intruder had ransacked the house supports the inference that the intruder intended to commit a felony—theft.

The evidence was sufficient.

## IV.

█ Finally, the appellant claims that the trial court erred in refusing to strike portions of the pre-sentence investigation report which recommended maximum incarceration, on the ground that there was no factual basis for the recommendation. The appellant contends that the report prepared by the probation officer was conclusory, and that a sentencing decision based on it was necessarily arbitrary. We are unable to review this claim for two reasons. First, the record does not contain a copy of the pre-sentence report. Second, the argument is not supported by cogent argument or authorities. The conviction is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.