UNITED STATES of America, Appellee,

v.

Francisco GARCIA, Benito Marcos, Eric Dupoux and Juan Carmenate, Defendants, Appellants.

Nos. 82–1198, 82–1419, 82–1192 and 82–1199.

United States Court of Appeals, First Circuit.

Argued Oct. 6, 1982.

Decided Dec. 3, 1982.

Robert L. Sheketoff, with whom Norman S. Zalkind and Zalkind, Zalkind & Sheketoff, Boston, Mass., were on brief, for defendant, appellant Dupoux.

* Of the Second Circuit, by designation.

Elliot F. Parkhurst, with whom Louis P. Font and Font & Glazer, Cambridge, Mass., were on brief, for defendants, appellants Garcia and Carmenate.

Owen S. Walker, Boston, Mass., for defendant, appellant Marcos.

John H. LaChance, Asst. U.S. Atty., Framingham, Mass., with whom William F. Weld, U.S. Atty., Boston, Mass., was on brief for appellee.

Before COFFIN, Chief Judge, TIMBERS,* Senior Circuit Judge, and BOWNES, Circuit Judge.

PER CURIAM.

The question presented on these appeals is whether a federal district court must afford the government an opportunity to make an oral recommendation at the time of sentencing. We hold that it must. The refusal here to afford that opportunity violated Fed.R.Crim.P. 32(a)(1).

Defendants Garcia, Marcos, Dupoux and Carmenate were indicted in November 1981 on six counts of violating the federal narcotics laws. During the pre-trial proceedings on January 7, 1982, these four defendants negotiated a plea bargain with the Assistant United States Attorney (the assistant). In return for their guilty pleas to the first two counts of the indictment, the assistant agreed to dismiss the remaining four counts and to make a recommendation to the United States Attorney that concurrent sentences of 18 months for each defendant be recommended to the court. The pleas were accepted and the cases were continued for sentencing.

At the time of sentencing on February 12, 1982, the assistant made no attempt to recommend a sentence to the court. Moreover, the court indicated a disinclination to entertain a government recommendation. When one of the attorneys for one of the defendants referred to the plea agreement, the court stated, "I did not ask the government for a recommendation in this case." When the attorney for defendant Dupoux

objected to the failure of the assistant to make a recommendation, the court stated, "Well, I will note your objection, but I didn't ask him for a recommendation and he had no control over whether he made a recommendation on it. You can object to my not asking for a recommendation but he has no control over it." Although the United States Attorney had agreed to recommend to the court the 18 month sentences suggested by his assistant, the court imposed 4 year sentences upon each of the appellants. The court stated that these sentences were more appropriate in light of the severity of the offenses than "the sentence that was talked about before the change of pleas."

Although the court was not required to accept any recommendation made by the United States Attorney, it was required to afford the government an opportunity to inform the court of the government's position at the time of sentencing. Under the controlling rule, before imposing sentence "the court shall afford counsel an opportunity to speak on behalf of the defendant and shall address the defendant personally and ask him if he wishes to make a statement in his own behalf, to present any information in mitigation of punishment. *The attorney for the government shall have an equivalent opportunity to speak to the court."* Fed.R.Crim.P. 32(a)(1) (emphasis added). In refusing to allow the government to make a recommendation at the time of sentencing, the court failed to provide the "equivalent opportunity" required by the rule.

In *Mawson v. United States,* 463 F.2d 29 (1st Cir.1972), we held, under similar circumstances, that the court is under a duty to inform itself of the government's recommendation:

"... The facts in the present case are that petitioner agreed to plead if the government dismissed an indictment and substituted an information, and that in consideration of petitioner's 'cooperation' with regard to the government's claims against other defendants the government would take that fact into consideration in connection with its recommendation as to sentence. The government did not at that time state, or even intimate, any specifics as to what that recommendation would be. The United States Attorney did, however, thereafter, following the plea, come to a conclusion with respect to his recommendation. The court, however, did not permit the recommendation to be expressed.

"The court should have, and presumably would have, asked for the government's recommendation had it known that the government had promised to make one." *Id.* at 30–31 (footnote omitted).

The government in the instant case contends that, since the court was aware of the assistant's recommendations as to sentences, any further comment by the government at the time of sentencing would have been superfluous. We disagree. A definitive statement of the government's position had not been made prior to sentencing. The court undoubtedly was aware of the terms of the plea bargain with respect to the first two counts as the result of the Rule 11 proceedings at the time of the changes of pleas. Indeed, at that time the court enumerated the terms of the plea bargain: that the assistant would seek permission from the United States Attorney to recommend to the court a net sentence of 18 months for each defendant, and that the remaining counts against the four defendants would be dismissed. Moreover, the court at the time of sentencing had before it a presentence report which stated that the plea agreement called for 18 month cumulative sentences to be imposed on the first two counts.

The court's familiarity with the plea agreement does not mean, however, that it knew what the recommendation of the United States Attorney would be at the time of sentencing. For aught that appears in the record before us, the court knew only of the agreement of the assistant to seek approval from his superior of recommended 18 month sentences. There is no indication that this approval was communicated to the

court prior to sentencing. The presentence report referred to 18 month sentences; but that came from the probation office, not the United States Attorney. The government argues that this reference in the presentence report to the recommended 18 month sentences indicated that the United States Attorney had accepted the recommendation of his assistant. But nothing in the presentence report itself so states.

The short of it is that the court, at the time of sentencing, had no specific knowledge of any government recommendation. Rather than relying on the preliminary suggestion of the assistant and the probation office's reference to the plea agreement, the court plainly was required by Fed.R. Crim.P. 32(a)(1) to afford the government an opportunity to make its recommendation at the time of sentencing.

It strikes us as basic that the government be allowed to perform in accordance with its plea bargains in an open and direct manner. The court has an equivalent obligation to see that the integrity of the plea bargaining process is protected. *Santobello v. New York*, 404 U.S. 257 (1971); *McAleney v. United States*, 539 F.2d 282, 284 (1st Cir.1976). Here an assistant had agreed to recommend to the United States Attorney that 18 month sentences be recommended to the court. The integrity of the plea bargaining process is undermined if the court refuses to hear in open court what the final government recommendation is—and does so on the ground that it already knows what the government will say.

Finally, defendants request that they be permitted to withdraw their guilty pleas. We decline to do so. We adhere to our prior decision in which a promised recommendation was not made to the court. "[W]e have limited relief to resentencing before a different judge to whom the omitted recommendation must be made." *McAleney v. United States, supra,* at 286. Once that is done, each defendant "will obtain all he says he was promised and can then have no right to withdraw the plea." *Id.* This remedy is appropriate here as well. As for the propriety of remanding for resentencing before a different judge, *see United States v. Ramos,* 572 F.2d 360, 363 (2nd Cir.1978); *United States v. Robin,* 553 F.2d 8 (2nd Cir.1977) (en banc); *United States v. Robin,* 545 F.2d 775, 782 (2nd Cir.1976).

We vacate the sentences and remand the cases for resentencing before a different judge.

*Sentences vacated and cases remanded.*