(612 P.2d 662)
No. 51,250

STATE OF KANSAS, *Appellee,* v. FLOYD CLANTON, *Appellant.*

Opinion filed June 13, 1980.

*Daniel L. Swagerty,* of Dodge City, for the appellant.

*John Campbell,* assistant county attorney, *Daniel L. Love,* county attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before SPENCER, P.J., ABBOTT and PARKS, JJ.

SPENCER, J.: Following trial to a jury in case No. 78CR117, District Court of Ford County, defendant Floyd Clanton was convicted of attempted rape, K.S.A. 21-3301, and aggravated burglary, K.S.A. 21-3716.

No trial errors are specified. However, a plea bargain had been entered into whereby it was agreed that the charges of which defendant now stands convicted in case No. 78CR117 would be dismissed if he entered his plea of guilty to a separate charge of attempted rape then pending against him in case No. 78CR213 in the same court. Defendant asserts error in that the trial court refused to accept his plea of guilty to that separate charge.

Pursuant to the plea bargain, defendant, who had previously entered his plea of not guilty, was taken before the court for rearraignment on the single charge of attempted rape in case No. 78CR213. The record indicates compliance with the requirements of K.S.A. 22-3210 and there is no contention on this appeal to the contrary. However, after conducting the inquiry regarding the voluntariness of the proposed plea, the trial judge inquired of

the county attorney as to the facts surrounding the matter, with the following results:

"MR. DENT: Your Honor, the facts surrounding this case come from the testimony primarily of one witness . . . who testified at the preliminary hearing. She testified under oath that she was walking home in the early morning hours, I believe, of August 20th, this year, 1978, at which time Mr. Clanton came out of the dark, grabbed [her] by the arm; he had his penis exposed at this time, and he began rubbing his penis against [her] arm, and attempted to get [her] to touch it.

"At this time some carlights came into the picture, a friend of [hers], looking for her. [She] began screaming at this time, at which time Mr. Clanton pulled [her] into some bushes.

"She was able to escape after fighting with Mr. Clanton at this time, and she was able to run from Mr. Clanton, at which time her friends came upon the scene and were able to get her away from Mr. Clanton and proceeded to more or less apprehend Mr. Clanton.

"THE COURT: Mr. Clanton, you have heard the statement of the County Attorney. Is this true?

"THE DEFENDANT: Yes.

"MR. GUNDERSON: Your Honor, if I might add, at the preliminary hearing there were six witnesses including one of [her] companions who did observe the tail end of the event, as well as four police officers, that testified relative to their investigation and apprehension, in this matter.

"I want to correct any non-factual statement made by the county attorney that it was based on one witness. There were of course six witnesses who have previously testified.

"THE COURT: Mr. Clanton, is the statement of the County Attorney true, that you grabbed this woman?

"THE DEFENDANT: No.

"THE COURT: It is not true?

"THE DEFENDANT: No.

"THE COURT: Then, I'm sorry, gentlemen.

"MR. GUNDERSON: What isn't true about that?

"THE DEFENDANT: About me grabbing her and having my penis out.

"(Discussion between the defendant and his counsel).

"MR. GUNDERSON: Your Honor, could we have a brief recess?

"THE COURT: Gentlemen, in view of the situation, I think the Court should in these premises reject the plea of the defendant and order this man to trial, because in a situation such as this the court observes that this gentleman is very indecisive, and no more sure than he is. We've got to be sure about these things.

"MR. GUNDERSON: For the record, I would like the defendant to state: Are you saying that the testimony that was given by the witnesses in the preliminary hearing that you read was not true? In other words, were you entering a plea of guilty to attempted rape when you didn't attempt to rape [her]?

"THE DEFENDANT: Yes.

"THE COURT: I don't follow that.

"MR. GUNDERSON: Well, my question was going to the effect whether he disputed some of the facts that were recited by the county attorney, or whether he was disputing the fact that he attempted to accost this woman.

"THE COURT: Well, I think the matter is a highly fluid situation, Mr. Gunderson, and inasmuch as it hasn't been resolved closer, I don't think we should accept a plea at this time.

"The Court is going to note on this docket that, I will be quite frank with you, gentlemen, that I don't think under the circumstances that a plea of guilty in this matter would ever hold up, and I think in my considered opinion there is nothing to do but to determine this man's guilt or innocence by virtue of a jury.

"MR. GUNDERSON: I think that's correct, Your Honor.

"MR. DENT: I agree with that now."

Defendant subsequently entered his plea of guilty to lewd and lascivious behavior in case No. 78CR213 and, on May 18, 1979, was sentenced to the custody of the Ford County Sheriff for a period of six months. On that same date he was sentenced for a period of three to ten years for aggravated burglary and one to five years for attempted rape, the two sentences to run consecutively.

Defendant concedes that the decision to accept or reject a plea of guilty after the requirements of K.S.A. 22-3210 have been satisfied is within the sound judicial discretion of the trial judge, and such is clearly indicated by the language of the statute which provides: "[A] plea of guilty . . . may be accepted when . . . ." It has been said that judicial discretion implies the liberty to act as a judge should act, applying the rules and analogies of the law to the facts found after weighing and examining the evidence. When so acting in a matter committed to the discretion of the court, the decision ought not to be overruled by a reviewing court, for to do so would be to deny the right to exercise the discretion given by the law itself. *Reedy v. Reedy,* 175 Kan. 438, 264 P.2d 913 (1953). It follows that the exercise of such discretion will not be disturbed on appeal unless it is determined that no reasonable person could take the view adopted by the trial judge. *In re Pennington,* 224 Kan. 573, 581 P.2d 812 (1978), *cert. denied* 440 U.S. 929 (1979); *Carney v. Carney,* 1 Kan. App. 2d 544, 571 P.2d 56, *rev. denied* 222 Kan. 749 (1977). It is argued, however, that a guilty plea should not be rejected without good reason, and to do so is an abuse of discretion. While we might agree there should ordinarily be good reason to refuse to accept a plea of guilty, we are not prepared to say that refusal to accept such plea is in itself an abuse of discretion.

The precise issue here presented appears to be one of first impression within this jurisdiction. However, it has been noted

that the requirements of K.S.A. 22-3210 basically follow Rule 11 of the Federal Rules of Criminal Procedure, compliance with which is held to be mandatory under the federal rules in *McCarthy v. United States,* 394 U.S. 459, 22 L.Ed.2d 418, 89 S.Ct. 1166 (1969), and which procedure is fastened upon the state as a requirement of due process. *Boykin v. Alabama,* 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709 (1969); *White v. State,* 222 Kan. 709, 713, 568 P.2d 112 (1977). Defendant refers to the case of *United States v. Gaskins,* 485 F.2d 1046 (D.C. Cir. 1973), wherein it was held that, where a defendant charged with first degree burglary tendered a plea of guilty to the lesser included offense of unlawful entry and there was strong factual evidence implicating defendant, the plea should not have been refused simply because defendant refused to accompany his plea with an admission of guilt. It is there said in substance that Rule 11 is intended for the protection of the defendant and does not require denial to the defendant of the opportunity to act in his own best interests, as advised by his trial counsel. But, when a defendant seeks to plead guilty while protesting his innocence, the trial judge is confronted with a danger signal. It puts him on guard to be extremely careful that his duties under Rule 11 are fully discharged, and highlights the importance of the obligation to assure there is indeed a factual basis for the plea and that defendant is clearly advised not only of the penalties to which he is exposed, but of the fact that his plea waives any defenses to the charge. It is there stated:

"But after fully satisfying himself of the factual basis for the plea, and that the presentation of pertinent facts discloses no plain legal defense, the trial judge errs in insisting on trial merely because the defendant refuses to accompany his plea to lesser charges with an admission of the guilt indicated by the other evidence presented to the court." 485 F.2d at 1049.

The *Gaskins* court made note of the decision in *North Carolina v. Alford,* 400 U.S. 25, 27 L.Ed.2d 162, 91 S.Ct. 160 (1970), wherein it was held there is no constitutional error in accepting a guilty plea containing a protestation of innocence when the defendant intelligently concludes his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt. However, the Supreme Court in that opinion did not indicate that acceptance of a plea of guilty is required and, in fact, explicitly held that a criminal defendant does not

have an absolute right under the Constitution to have his guilty plea accepted by the court. 400 U.S. at 38, n. 11. See also *Santobello v. New York,* 404 U.S. 257, 262, 30 L.Ed.2d 427, 92 S.Ct. 495 (1971). In accord with the holding in *Gaskins,* see *United States v. Davis,* 516 F.2d 574 (7th Cir. 1975). See also *Griffin v. United States,* 405 F.2d 1378 (D.C. Cir. 1968); *McCoy v. United States,* 363 F.2d 306 (D.C. Cir. 1966).

In *United States v. Bednarski,* 445 F.2d 364 (1st Cir. 1971), it was stated:

"[A] conviction affects more than the court and the defendant; the public is involved. However legally sound the *Alford* principle, which of course we do not dispute, the public might well not understand or accept the fact that a defendant who denied his guilt was nonetheless placed in a position of pleading guilty and going to jail. . . .

". . . We could not support a principle under which, if the court refused to accept the plea, the defendant after trial and a conviction and a sentence not to his liking could return and freely litigate the correctness of the court's finding that the requirements of Rule 11 had not been fully met." 445 F.2d at 366.

See also *United States v. O'Brien,* 601 F.2d 1067 (9th Cir. 1979); *United States v. Biscoe,* 518 F.2d 95 (1st Cir. 1975).

The defense strategy was of course obvious. The offense of rape is a class B felony and its attempt under K.S.A. 21-3301 is a class E felony, the sentence for which is an indeterminate term of imprisonment, the minimum of which shall be one year and the maximum not less than two nor more than five years. Aggravated burglary is a class C felony which permits a penalty of from one to twenty years of imprisonment. Clearly, with the implementation of the plea bargain, much would have been accomplished for the defense.

The trial judge found defendant to be very indecisive and stated, "I don't think under the circumstances that a plea of guilty in this matter would ever hold up . . . ." It is apparent the trial judge was not convinced from the factual basis presented that defendant, who had neither admitted the crime nor been adjudged guilty beyond a reasonable doubt after trial, should stand convicted of the charge. Counsel for the State and for the defense seemed to agree with the court at that time.

To grant the relief which defendant seeks in this case would require adoption of a rule making it an abuse of judicial discretion for the court to reject a plea of guilty when a defendant not only refuses to admit the alleged facts of the crime, but denies

that he committed the crime. We are not inclined to do so and suggest the better policy is as stated in *State v. Jackson,* 117 R.I. 245, 249, 366 A.2d 148 (1976):

"We agree with the position taken by the First Circuit [in *Bednarski*] that the trial justice should have discretion to reject such a guilty plea if not accompanied by an admission of guilt. It would be unsound policy to *require* a justice to place in the correctional process persons who have neither been adjudged guilty beyond a reasonable doubt after trial nor admitted their participation in a crime. Of course, in those instances where a justice is convinced of the guilt of the defendant who pleads guilty but refuses to admit guilt, he would have the discretion to accept such a plea, but would not be required to do so."

We hold that, in felony cases, the decision to accept or reject a plea of guilty after the requirements of K.S.A. 22-3210 have been satisfied is within the sound judicial discretion of the trial judge. We find no abuse of that discretion.

Affirmed.