NOT DESIGNATED FOR PUBLICATION

No. 116,744

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DONALD L. BROWN II,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Douglas District Court; PEGGY C. KITTEL, judge. Opinion filed October 6, 2017. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Kate Duncan Butler*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GREEN, P.J., BUSER and LEBEN, JJ.


PER CURIAM: Donald L. Brown II, appeals from the trial court's summary denial of his K.S.A. 60-1507 motion. In his motion, Brown alleged ineffective assistance of counsel and errors on behalf of the trial court. Specifically, Brown argues (1) that the trial court erred as a matter of law in rejecting his guilty plea at arraignment, and (2) that his trial counsel was ineffective for failing to offer legal authority supporting his guilty plea. For reasons stated below, we reject Brown's arguments. Accordingly, we affirm the trial court's summary denial of his K.S.A. 60-1507 motion.

1

On June 3, 2010, Brown was charged in Douglas County District Court with three counts of rape, three counts of criminal sodomy, and two counts of aggravated indecent liberties with a child. The charging document listed two victims, both with the initials M.D.M. and M.D.M. The victims were only differentiated by their dates of birth—one having a date of birth of 9/20/1999 and the other having a date of birth of 7/17/2001. Thus, when the crimes occurred both children were under the age of 14.

On August 17, 2010, the trial court was set to hold a preliminary hearing. At the beginning of the hearing, Brown's trial counsel, Michael Clarke, told the court that Brown wanted to waive the preliminary hearing and enter a plea of guilty on all eight counts. The court accepted Brown's waiver of his right to the preliminary hearing. The court then took a short break to allow Clarke to prepare a plea advisory. The trial judge told the parties that she preferred Brown review a plea advisory in writing based on the severity of the charges against him. Once Clarke had an opportunity to review the plea advisory with Brown, the trial court proceeded to arraignment.

The trial judge asked the parties whether Jessica's Law applied to the case. The State answered in the affirmative. Clarke disagreed. He told the court that because none of the counts in the charging document alleged Brown's age, Jessica's Law was not applicable. The trial court stated, "We're going to go ahead with the plea, with the understanding that that issue [of whether Jessica's Law applies] is something that will be argued at sentencing."

The trial court proceeded with the plea colloquy. The court advised Brown of the rights he would relinquish if he entered his plea of guilty. Brown indicated that he understood what rights he was giving up. The court also advised Brown that aside from the Jessica's Law sentencing issue, he would not be able to appeal the question of his guilt if he entered his plea of guilty. After a thorough plea colloquy, the trial court read the counts individually to Brown, asking him how he wished to plead to each count.

Brown answered that he wanted to plead guilty to each charge listed in the charging document.

After the court heard Brown's pleas to each count, it asked Clarke for "a proffer of evidence to support [his] client's plea." Clarke and the court had the following exchange:

"MR. CLARKE: Your Honor, the proffer would be simply that the counts as alleged are the facts. That's what I have discussed with Mr. Brown in terms of being the factual basis for the plea. And he is prepared to essentially read what you just read to establish a factual basis for the plea.

"THE COURT: I usually ask for more detail as far as what you would believe the State's evidence would be.

"MR. CLARKE: I understand, and I had looked at the plea statute earlier today in anticipation of this issue, trying to decide what level of factual proffer would be necessary. I guess I came to the conclusion that a statement of fact that supported the elements would be enough would be our position.

. . . .

"THE COURT: I think I need more. I mean, there is victims with the same initials and . . . there is different ways these acts could be committed, and I think I need more information. So Mr. Clarke, you can provide that or Ms. McGowan can.

"MR. CLARKE: Well, I think I should discuss that issue with Mr. Brown first, if I may, Your Honor.

. . . .

"MR. CLARKE: Your Honor, the issue of the—the fact that Counts 1 and 2 are identical and then 3 and 4 are identical is something that had factored into our decision to go through a plea today after the waiver of preliminary hearing. And it is Mr. Brown's . . . intent to enter a plea to the counts as alleged. And it would be our argument that they are multiplicitous for sentencing because they are identical—completely identical, there is no distinction between the charges.

"If the court is not prepared to proceed based upon his plea of guilt as he's already stated, we're not prepared to have the State make a separate factual proffer of what the State's evidence would be at this time. We're not prepared to offer a more detailed proffer than we've already given.

3

"So I think that leaves us in the position if . . . the court's not willing to entertain a plea as has been stated then I think we are at the position where . . . we would be in a position of setting this matter for trial at this point.

"THE COURT: I feel it's my duty to hear what the underlying factual basis is for the charges, for that very reason that you're trying to address. And without that, I'm not going to accept the plea.

"MR. CLARKE: Understand, Your Honor.

"THE COURT: So let's get a trial date.

"I'll state that, Mr. Clarke, with the caveat that if either counsel can provide me case law that says otherwise, I would entertain it. But, I think it's my duty to know what underlying facts support the plea, and I don't feel that just stating the charges as written on the Information is sufficient."

The court proceeded to arraignment. Brown stood mute in response to the charges, so the court entered a plea of not guilty on his behalf. Brown waived his right to a speedy trial, and the case was set for jury trial on January 24, 2011.

On October 6, 2010, the State amended Brown's charging document to include Brown's age. On January 7, 2011, the trial court held a status conference hearing. At the beginning of the hearing, Clarke informed the trial court that Brown wanted to plead guilty to all counts. The pleas were not the result of negotiations. Clarke produced a written plea advisory that he had gone through with Brown. The trial court then conducted its plea colloquy. The court asked Clarke if he would be able to proffer facts to support Brown's pleas. Clarke told the court that Brown would be making the proffer himself. After the trial court thoroughly questioned Brown regarding his intent to plead guilty, Brown pled guilty to each count as read by the trial court. Brown made the following proffer in support of his pleas:

"With remorse and sorrow, in the summer of 2008, I, Donald L. Brown, II, sexually touched MDM '99 and MDM '01. In the summer of 2009, I, Donald L. Brown,

4

II, had oral sexual sodomy with MDM '99 on more than one occasion and once with MDM '01.

"In the spring of 2010, I, Donald L. Brown, II, had sexual intercourse on more than one occasion with MDM '99 and once with MDM '01. This all occurred at my apartment in Douglas County, Kansas. I did this for my sexual gratification, and I'm truly sorry.

. . . .

"I was 32—31."

The trial court asked additional questions which clarified that Brown had penetrated both victims' vaginas with his penis and one victim's vagina with his finger. He also clarified that he had made oral contact with both victims' vaginas. The court accepted Brown's guilty pleas as to all eight counts he was charged with.

On March 4, 2011, the court held a sentencing hearing. Brown addressed the court:

"I confess to this court, this community and the victims of my crimes and to the Lord Jesus Christ, that I have committed terrible sins. I have hurt many people. I'm very sorry for all the harm I've caused. Pray to God that he heal those that I have hurt. I know that I have—I must be held accountable for my crimes. I am praying for guidance on what I can do to atone from my crimes. I accept responsibility for my sins."

Brown was sentenced to eight life sentences with a mandatory minimum of 25 years' imprisonment. The court ordered two of the sentences to be run consecutive with the remaining sentences running concurrently. He was also sentenced to a period of lifetime postrelease supervision.

On September 19, 2011, Brown moved to withdraw his guilty pleas based on ineffective assistance of counsel. He argued that his trial counsel was ineffective in "wrongly coercing him into entering a plea without effectively investigating the case." He

5

further stated "that had his counsel properly investigated the case and properly counseled his client there would have never been any mention of entering a plea of guilty." He requested the trial court "permit him to withdraw his plea of guilty and set his case for trial in the intrest [*sic*] of justice." On November 6, 2012, the court denied Brown's motion to withdraw his guilty pleas. Brown appealed the court's decision. In *State v. Brown*, No. 109,417, 2014 WL 1193422 (Kan. App. 2014) (unpublished opinion), *rev. denied* 301 Kan. 1048 (2015), we affirmed the trial court's denial of Brown's motion to withdraw his guilty pleas.

On September 24, 2015, Brown filed the current K.S.A. 60-1507 motion. In his motion, he argued that his trial counsel, Clarke, was ineffective for the following reasons: (1) Clarke "failed in filing of motions to subject the prosecutions [*sic*] case to meaningful adversarial testing"; (2) Clarke failed to adequately communicate his trial defense strategy with Brown; (3) Clarke failed to determine how Brown's learning disability would affect his competency; (4) Clarke totally abandoned his duties as Brown's defense counsel; (5) Clarke failed "to provide statute and case law in support of [his] August 17th plea"; and (6) Clarke failed to file a notice of appeal.

Additionally, Brown argued that his counsel at the hearing on his motion to withdraw his guilty pleas was ineffective for the following reasons: (1) he failed to present evidence of Brown's inability to understand the contents of the plea advisory; (2) he failed to depose and subpoena witnesses for the hearing; and (3) he failed to adequately examine Clarke about his trial strategy and his failure to file a notice of appeal.

Brown also argued that his appellate counsel was ineffective in appealing from the trial court's denial of his motion to withdraw his guilty pleas. He argued that she was ineffective for the following reasons: (1) she failed to notify Brown in a timely manner of the Supreme Court's decision to deny his petition for review; and (2) she failed "to

6

motion the Supreme Court on the issue of subject matter regarding the fact that there was a motion to Arrest Judgment filed with the District Court."

Finally, Brown argued "[a]buse of [d]iscretion and [j]udicial [m]isconduct by Judge Peggy Kittel by refusing to accept the petitioner's plea at the August 17th preliminary/plea hearing" and "[p]rosecutorial misconduct by giving misleading and false statements to the court."

On appeal, Brown does not present arguments for each and every issue he presented in his K.S.A. 60-1507 motion. Issues not briefed by an appellant are deemed waived or abandoned. *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016). Based on Brown's arguments on appeal, the only issues he has properly preserved from his motion are the following:  (1) the district court erred in failing to accept his August 17, 2010, guilty plea; and (2) trial counsel was ineffective because he was not adequately prepared to support Brown's August 17, 2010, guilty plea with sufficient legal support. Accordingly, only those two arguments will be addressed moving forward.

On December 9, 2015, the State moved to summarily deny Brown's K.S.A. 60-1507 motion. The State argued that "Brown's [K.S.A. 60-]1507 motion is meritless because his ineffective assistance of counsel claims are conclusory, some are trial claims, some are barred by the statute of limitations and he has not set forth how he was prejudiced by his counsels' representation."

On March 17, 2016, the trial court filed its memorandum decision granting the State's motion for summary denial of Brown's K.S.A. 60-1507 motion. In its decision, the trial court ruled that "[t]he evidence shows conclusively that . . . Brown . . . is not entitled to the relief he seeks under his 60-1507 motion. . . . Brown received effective assistance of trial . . . counsel guaranteed by the Kansas Constitution and United States Constitution and was fairly convicted and sentenced." Brown filed a timely notice of appeal.

7

*Did the Trial Court Err in Summarily Denying Brown's K.S.A. 60-1507 Motion?*

On appeal, Brown argues that the trial court erred in summarily denying his K.S.A. 60-1507 motion because potentially substantial issues of fact show that he is entitled to an evidentiary hearing. In support of that contention, Brown advances two specific arguments, both related to his attempt at pleading guilty at arraignment on August 17, 2010. First, Brown argues that the trial court erred in refusing to accept his guilty pleas as a matter of right. Second, Brown argues that his trial counsel was not adequately prepared to proceed at arraignment and, thus, was ineffective.

*Standard of Review*

When presented with a K.S.A. 60-1507 motion, a trial court has three options: (1) it may summarily deny the motion after determining that the motion, files, and records of the case definitively show that the defendant is not entitled to relief; (2) it may appoint counsel and hold a preliminary hearing after determining that a potentially substantial issue is raised in the motion, supported by the files and records; or (3) it may hold a full evidentiary hearing in the presence of the defendant after determining that the motion, files, and records show that a substantial issue is presented. The standard of review on appeal depends on which option the trial court utilizes. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

When the trial court summarily denies the K.S.A. 60-1507 motion, as it did here, the appellate court conducts de novo review to determine whether the motion, files, and records of the case definitively show that the movant is not entitled to relief. *Sola-Morales*, 300 Kan. at 881. To avoid summary denial of a K.S.A. 60-1507 motion, a movant must establish that he or she is entitled to an evidentiary hearing. To establish that entitlement, the movant's contentions must be more than conclusory. Additionally,

the movant must state an evidentiary basis in support of the claims or an evidentiary basis must be apparent in the record. 300 Kan. at 881 (quoting *Holmes v. State*, 292 Kan. 271, 274, 252 P.3d 573 [2011]). If the movant is able to make such a showing, the court must grant an evidentiary hearing, unless the motion is a "second" or "successive" motion. 300 Kan. at 881 (citing *Holt v. State*, 290 Kan. 491, 495, 232 P.3d 848 [2010]). When an appellant bases his or her K.S.A. 60-1507 motion on the alleged ineffectiveness of trial counsel, "the substantive guarantees of effective counsel control whether he [or she] is entitled to an evidentiary hearing." 300 Kan. at 881-82.

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish two things:  (1) that defense counsel's performance was deficient under the totality of the circumstances, and (2) that defense counsel's deficient performance resulted in prejudice to the defendant. *Sola-Morales*, 300 Kan. at 882-83 (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]). Counsel's performance will be held deficient when "counsel's representation fell below an objective standard of reasonableness, considering all the circumstances." *Bledsoe v. State*, 283 Kan. 81, 90, 150 P.3d 868 (2007). Judicial scrutiny of counsel's performance is highly deferential, and the reviewing court is required to strongly presume that counsel's conduct was reasonable. See *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014). As for prejudice, a defendant must show that but for counsel's deficient performance, there is a reasonable probability that the result of the proceeding would have been different. A reasonable probability is one that is sufficient to undermine confidence in the proceeding's outcome. *State v. Sprague*, 303 Kan. 418, 426, 362 P.3d 828 (2015) (quoting *Robertson v. State*, 288 Kan. 217, 225, 201 P.3d 691 [2009]).

Here, Brown's issue, in its simplest form, is that the trial court should have accepted his original guilty plea that he attempted to enter on August 17, 2010. Within that overarching issue he presents two arguments:  (1) that the trial court erred as a matter

of law in rejecting the guilty plea and (2) that Clarke provided ineffective assistance of counsel when he failed to offer legal authority supporting the guilty pleas. Thus, the prospective success of Brown's second argument necessarily depends on the outcome of his first argument. If the trial court did not err in rejecting Brown's guilty pleas, it follows that he cannot show that Clarke was ineffective for failing to provide legal support for those guilty pleas. Said differently—if the trial court acted properly in rejecting his plea, Brown will not be able to show that Clarke's actions prejudiced him in any way, as they could not have had any impact on the outcome of the proceeding.

For that reason, we begin by considering Brown's first argument—that the trial court erred in rejecting his guilty pleas at arraignment. After that issue is disposed of, we will address Brown's second argument—which the trial court refused to hear on the basis of the doctrine of res judicata.

*Did the Trial Court Err in Rejecting Brown's Guilty Pleas at Arraignment?*

Brown argues that "he had both a statutory and constitutional right to plead guilty at arraignment, and that the district court, had it been in possession of the proper authority at the time of [his] plea under the original information, was obliged to accept his plea under the circumstances."

The State, on the other hand, argues that K.S.A. 22-3210 governs when a trial court is permitted to accept a guilty plea, and K.S.A. 22-3210 requires the trial court to be "satisfied that there is a factual basis for the plea." The State specifically argues that "because the statute leaves room for district court discretion, Brown's contention that he is entitled as a matter of right to the district court accepting his plea is simply unsound."

Based on the parties' arguments, whether Brown was entitled to plead guilty as a matter of right depends on the interpretation of the statutes governing pleas. The

10

interpretation of a statute is a question of law over which appellate courts exercise unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015). The most fundamental rule of statutory interpretation is that the Legislature's intent governs, so long as that intent can be ascertained. *State v. Jordan*, 303 Kan. 1017, 1019, 370 P.3d 417 (2016). An appellate court interpreting a statute must first try to find the legislative intent through the plain language of the statute, giving common words their ordinary meanings. *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016). If a statute is plain and unambiguous, an appellate court should not speculate as to the legislative intent behind the clear language, and it should refrain from reading anything into the statute that is not actually found in its language. *Barlow*, 303 Kan. at 813.

The applicable statutes, as identified by the parties, are:  K.S.A. 22-3201; K.S.A. 22-3205; K.S.A. 22-3206; K.S.A. 22-3208; K.S.A. 22-3209; and K.S.A. 22-3210. We must examine those statutes to determine whether the trial court erred in rejecting Brown's August 17, 2010, guilty pleas as a matter of right. Each statute relevant to this appeal is briefly described below.

- K.S.A. 22-3201(b) governs the sufficiency of charging documents and reads:  "The complaint, information or indictment shall be a plain and concise written statement of the essential facts constituting the crime charged, which complaint, information or indictment, drawn in the language of the statute, shall be deemed sufficient."

- K.S.A. 22-3205(a) governs arraignment procedure and reads:

    "Arraignment shall be conducted in open court and shall consist of reading the complaint, information or indictment to the defendant or stating to the defendant the substance of the charge and calling upon the defendant to plead thereto. The defendant shall be given a copy of the indictment or information

11

before the defendant is called upon to plead. Except as provided in subsection (b), if the crime charged is a felony, the defendant must be personally present for arraignment; if a misdemeanor, with the approval of the court, the defendant may appear by counsel. The court may direct any officer who has custody of the defendant to bring the defendant before the court to be arraigned."

- K.S.A. 22-3206(3) governs the time for arraignment and reads: "If the preliminary examination is waived, arraignment shall be conducted at the time originally scheduled for the preliminary examination if a judge of the district court is available . . . to conduct arraignment."

- K.S.A. 22-3208(1) governs pleadings and motions in criminal proceedings and reads: "Pleadings in criminal proceedings shall be the complaint, information or indictment, the bill of particulars when ordered, and the pleas of not guilty, guilty or with the consent of the court, *nolo contendere*." K.S.A. 22-3208 defines pleadings and motions in criminal proceedings and is not particularly procedural in nature, like most of the other statutes listed herein. This is an important distinction, as will be discussed below.

- K.S.A. 22-3209(1) governs pleas and reads: "A plea of guilty is admission of the truth of the charge and every material fact alleged therein."

- K.S.A. 22-3210(a) governs when a guilty plea may be accepted by the court and reads:

    "Before or during trial a plea of guilty or *nolo contendere* may be accepted when:
        (1) The defendant or counsel for the defendant enters such plea in open court; and

12

(2) in felony cases the court has informed the defendant of the consequences of the plea, including the specific sentencing guidelines level of any crime committed on or after July 1, 1993, and of the maximum penalty provided by law which may be imposed upon acceptance of such plea; and

(3) in felony cases the court has addressed the defendant personally and determined that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea; and

(4) *the court is satisfied that there is a factual basis for the plea.*"

(Emphasis added.)

In *State v. Edgar*, 281 Kan. 30, 42, 127 P.3d 986 (2006) (quoting *State v. Shaw*, 259 Kan. 3, Syl. ¶ 6, 910 P.2d 809 [1996]), our Supreme Court held that a factual basis for the plea, as required in K.S.A. 22-3210(a)(4), may be satisfied in four ways: (1) by a charging document that is read to the defendant and sets forth the factual details and essential elements of the charged crime; (2) by a proffer of evidence presented to the court by the prosecutor; (3) by a proffer of evidence presented to the court by the defendant; or (4) by the fact that the judge accepting the plea had already conducted the defendant's preliminary examination.

Here, Brown specifically argues that the language of K.S.A. 22-3208 shows that "the defendant need not have the consent of the court when entering a plea of not guilty or guilty, which is consistent with the arraignment procedure [found in K.S.A. 22-3205]." Brown would argue that because K.S.A. 22-3208 only lists that a plea of nolo contendere must be made with the consent of the court, he did not need the court's consent to enter his guilty pleas at arraignment. As additional support, Brown argues that K.S.A. 22-3209 is "another statutory provision which provides for a guilty plea to the truth of the charge, and every material fact alleged therein." Brown argues that "[w]hen taken in conjunction with K.S.A. 22-3201 . . . the facts stated in the charge must be sufficient to maintain a plea of guilty without further factual development."

13

In his brief, Brown argues that K.S.A. 22-3210 cannot apply to his plea because it was entered at arraignment, and K.S.A. 22-3210 governs only guilty pleas made "[b]efore or during trial." Brown asserts that arraignment "is a separate and discreet proceeding" that lies beyond the reach of K.S.A. 22-3210. Brown supports his assertion with K.S.A. 22-3201(b), arguing that "[i]f the district court was not satisfied a factual basis existed for the plea at arraignment, then there necessarily would not be a sufficient factual basis for the charges."

But Brown's argument is fatally flawed in that it ignores how the statutes listed above work together. Instead, Brown's argument would require this court to read K.S.A. 22-3208(1) in isolation and ignore the very plain language of K.S.A. 22-3210(a)(4). When construing statutes in an effort to find the Legislature's intent, this court must consider various provisions of an act *in pari materia* and attempt to reconcile and bring the provisions into a workable harmony where possible. *State v. Keel*, 302 Kan. 560, Syl. ¶ 7, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). Additionally, this court is required to construe statutes in a way that avoids unreasonable or absurd results. *State v. Frierson*, 298 Kan. 1005, 1013, 319 P.3d 515 (2014).

Here, a brief discussion of the relevant statutory provisions and the specific procedure of Brown's attempted guilty plea will show that his asserted statutory interpretation is unreasonable. First, we recognize that the August 17, 2010, hearing at which Brown entered his guilty pleas was actually scheduled as a preliminary hearing. Brown waived his right to the preliminary hearing. Thus, K.S.A. 22-3206 dictated that arraignment was to be held in lieu of the preliminary hearing. The court complied and proceeded to arraignment. K.S.A. 22-3205 then dictated that Brown was called upon to plead. This is when Brown attempted to enter his guilty pleas. Under K.S.A. 22-3209(1), Brown's pleas of guilty was an "admission of truth of the charge and every material fact alleged therein." As we mentioned earlier, K.S.A. 22-3208 defines the pleadings and motions of a criminal proceeding—it is not particularly concerned with the procedure

14

surrounding pleas. See Black's Law Dictionary 1339 (10th ed. 2014) (A "pleading" is "[a] formal document in which a party to a legal proceeding . . . sets forth or responds to allegations, claims, denials, or defenses."). Despite Brown's argument, then, K.S.A. 22-3208 was not specifically relevant to his proffered oral plea. Finally, when Brown attempted to enter his guilty pleas, K.S.A. 22-3210(a)(4) required that the court be satisfied, within its discretion, that a factual basis existed to support his pleas.

The progression listed above shows the purpose of each of the relevant statutes and how those statutes are designed to work together. Based on that progression, we reject Brown's contention that K.S.A. 22-3210 does not apply to pleas entered at arraignment. Brown himself acknowledges that arraignment occurs before trial. And the plain language of K.S.A. 22-3210(a) indicates that the procedure outlined therein applies to guilty pleas entered "[b]efore or during trial." Thus, based on the most logical interpretation of the statutes, K.S.A. 22-3210(a) applies to guilty pleas entered at arraignment. And because K.S.A. 22-3210(a) grants the trial court discretion in accepting or rejecting a criminal defendant's guilty plea, we cannot say that Brown had an absolute right to plead guilty at arraignment on August 17, 2010. Indeed, were we to hold that guilty pleas entered at arraignment need not be supported by a sufficient factual basis but all other guilty pleas do need to be supported by such a factual basis, we would be reaching an unreasonable and absurd result. Instead, we hold that K.S.A. 22-3210(a)(4) applies equally to all guilty pleas entered "[b]efore or during trial," including those entered at arraignment.

Still, even though Brown did not have an absolute right to have his guilty pleas accepted by the court, the trial court *could* have, within its discretion, accepted Brown's guilty pleas based upon the facts alleged in the charging document. See *Shaw*, 259 Kan. 3, Syl. ¶ 1.

At its most basic function, the sufficient factual basis requirement aims to ensure that the trial court finds that all elements of the crime charged are present. *State v. Adams*, 284 Kan. 109, 117, 158 P.3d 977 (2007). "K.S.A. 22-3210(a)(4)'s purpose of ensuring that a plea is knowingly and voluntarily entered is defeated if the district court is presented with no evidence to establish the defendant's conduct falls within the elements of the charged crime." *State v. Ebaben*, 294 Kan. 807, 816, 281 P.3d 129 (2012).  Our caselaw is clear that the trial court has a statutory duty to satisfy itself that the factual basis exists. See *Ebaben*, 294 Kan. at 816. In fact, "[i]t is incumbent upon the judge to personally make a finding that a factual basis for the guilty plea in fact exists." *State v. Snyder*, 10 Kan. App. 2d 450, 454, 701 P.2d 969 (1985). We review a trial court's determination of whether a factual basis exists to support a plea for an abuse of discretion. See *Ebaben*, 294 Kan. at 816. A trial court abuses its discretion (1) if no reasonable person would take the view adopted by the trial court; (2) if the trial court's action is based on an error of law; or (3) if the trial court's action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

Brown argues that *State v. Donesay*, 265 Kan. 60, 959 P.2d 862 (1998), should guide our examination of whether the trial court abused its discretion in rejecting his guilty plea. In *Donesay*, the defendant attempted to plead guilty to four out of the six charges he was facing. But at arraignment the State objected to "splitting up the pleas." 265 Kan. at 73. "[T]he trial court concluded that the defendant had neither a constitutional nor a statutory right to enter a plea of guilty to some, but not all, of the charges contained in the single complaint against him." 265 Kan. at 73-74. The defendant appealed, arguing "that the trial court has no discretion to deny a plea that is voluntary and knowing and based on facts." 265 Kan. at 74.

On appeal, the *Donesay* court looked to *State v. Clanton*, 5 Kan. App. 2d 77, 612 P.2d 662 (1980), for guidance. In *Clanton*, the defendant's guilty plea to the charge of attempted rape was rejected by the trial court after the defendant disputed the State's

16

factual proffer and refused to admit guilt. The defendant appealed, arguing that the trial court lacked "good reason" to reject his plea. 5 Kan. App. 2d at 79. This court noted that accepting the defendant's argument "would require adoption of a rule making it an abuse of judicial discretion for the court to reject a plea of guilty when a defendant not only refuses to admit the alleged facts of the crime, but denies that he committed the crime." 5 Kan. App. 2d at 81-82. Thus, the court held that the trial court did not abuse its discretion in rejecting the defendant's plea.

Relying on the reasoning from *Clanton*, our Supreme Court held in *Donesay* that "[a]bsent a valid reason, the trial court should accept guilty pleas when the requirements of [K.S.A.] 22-3210 are satisfied *and* the defendant, unlike the defendant in *Clanton*, admits the truth of the charge and every material fact alleged in it." 265 Kan. at 81-82. The court acknowledged, however, that "[b]ecause the attention of the trial judge immediately was diverted to the question of whether [the defendant] could plead guilty to some but not all charges, no inquiries were made about satisfaction of the [K.S.A.] 22-3210 requirements." 265 Kan. at 82.

Here, Brown argues that because he wished to plead guilty to *all* of the charges against him and not just *some* of the charges against him, like the defendant in *Donesay*, the trial court abused its discretion in rejecting his guilty pleas. He further argues that because K.S.A. 22-3201 requires a charging document to include "the essential facts constituting the crime charged," then his charging document should have been sufficient to support his guilty pleas.

But Brown misses the main thrust of the *Donesay* opinion, ignoring that the *Donesay* court did not specifically consider whether the requirements of K.S.A. 22-3210 had been met. Instead, the *Donesay* court's focus was put on whether a criminal defendant could plead guilty to less than all charges alleged in a charging document. Within that context, the *Donesay* court expressly held that a trial court should accept a guilty plea

17

when K.S.A. 22-3210 is satisfied *and* the defendant admits to the truth of the charges and does not dispute the factual basis offered in support of the plea. Were we to accept Brown's argument, we would effectively eliminate the first requirement—that the trial court be satisfied that a sufficient factual basis exists to support the plea. Accepting Brown's argument would usurp the trial court's discretion in accepting or rejecting a defendant's plea—discretion that is clearly and unequivocally granted by K.S.A. 22-3210 and recognized by our Supreme Court.

Moreover, Brown's argument relating to K.S.A. 22-3201 relies on the presumption that the Legislature intended the statute to be applied in the context of pleas. But such a presumption is not supported by the plain language of the statute or by Kansas caselaw. And even though K.S.A. 22-3201 requires the State to charge "the essential facts constituting the crime," those essential facts are not always sufficient to support a guilty plea under K.S.A. 22-3210.

To begin, the plain language of K.S.A. 22-3201 does not support Brown's assertion that it applies to pleas. The word "plea" is not found in the text of K.S.A. 22-3201. Instead, K.S.A. 22-3201 clearly contemplates the sufficiency of charging documents in the context of due process—and to an extent jurisdiction—in criminal proceedings. This interpretation is supported by Kansas Supreme Court precedent. Our Supreme Court has held that "[i]f the charging document is . . . statutorily insufficient [under K.S.A. 22-3201(b)], then the State has failed to properly *invoke* the subject matter jurisdiction of the court." *State v. Dunn*, 304 Kan. 773, 812, 375 P.3d 332 (2016). Additionally, our Supreme Court has held that the purpose of a charging document is to inform "the defendant about the crime alleged so that he or she can challenge the State's case." 304 Kan. at 775. The focus of K.S.A. 22-3201 is further evidenced by one of its very own provisions, K.S.A. 22-3201(f), which calls for a bill of particulars "[w]hen a complaint, information or indictment charges a crime but fails to specify the particulars of the crime sufficiently to enable the defendant to prepare a defense." The provision is

18

clearly concerned with notice to the defendant, which reinforces the conclusion that the purpose of K.S.A. 22-3201 centers on due process. Finally, we note that in the cases identified by our research related to K.S.A. 22-3210, namely *Snyder*, *Ebaben*, and *Edgar*, K.S.A. 22-3201 was not once discussed. This lends additional support to our determination that K.S.A. 22-3201 is not intended to be applied in considering the sufficiency of a guilty plea under K.S.A. 22-3210.

For those reasons, we know that the sufficiency of a charging document under K.S.A. 22-3201 is not dispositive of its factual sufficiency to support a plea. Indeed, as we discuss later, it is entirely possible for a charging document to be sufficient for the purposes of charging a defendant but not sufficient for the purposes of factually supporting a guilty plea.

Thus, we reject Brown's argument that because he admitted to all of his crimes as charged, the trial court was obligated to accept his guilty pleas. The trial court here was still required under K.S.A. 22-3210(a)(4) to satisfy itself that a sufficient factual basis existed to support Brown's pleas. And as we discuss later, the trial court had good reason to request additional factual support before accepting Brown's guilty pleas.

In *Snyder*, the defendant pled guilty to the charge of attempted aggravated interference with parental custody. As support for the plea, the parties stipulated that a factual basis existed for the plea but did not expand on the stipulation. The only facts supporting the defendant's charge were presented at the preliminary hearing, which was presided over by a different judge than the judge who accepted the plea. Additionally, no facts regarding the specific charge of attempted aggravated interference with parental custody were presented at the preliminary hearing. The defendant moved to withdraw his plea, but his motion was denied. On appeal, this court held that the trial court abused its discretion in finding that a sufficient factual basis existed under K.S.A. 22-3210(a)(4) to accept the defendant's plea. See 10 Kan. App. 2d at 457.

19

More recently, in *Ebaben*, our Supreme Court addressed a plea that was eventually held not to be supported by a sufficient factual basis. In *Ebaben*, the defendant entered an *Alford* plea, in which he pled guilty without actually admitting to the crime. In Kansas, an *Alford* plea is treated the same as a guilty plea under K.S.A. 22-3210. See *State v. Case*, 289 Kan. 457, 464-65, 213 P.3d 429 (2009). In support of the defendant's plea, the trial judge summarized the charge to the defendant. The judge's factual summary was derived from the defendant's charging document. The judge accepted the defendant's plea. The defendant filed a presentencing motion to withdraw his plea, arguing that the trial court failed to find that his plea was supported by a sufficient factual basis under K.S.A. 22-3210(a)(4). At his motion hearing, the trial court acknowledged that it would have been better to get a factual proffer from the State, but it still denied his motion to withdraw plea based on K.S.A. 22-3210. On appeal, our Supreme Court held that the trial court's summary of the charge against the defendant was not a sufficient factual basis under K.S.A. 22-3210(a)(4). The court noted that the charging document lacked factual details and was too "bare-boned" to support the defendant's plea. 294 Kan. at 815-16. As a result, the court held that the trial court abused its discretion in finding a sufficient factual basis existed to support the plea. 294 Kan. at 816.

Here, as we discussed earlier, Brown waived his preliminary hearing. Had the trial court had the opportunity to hear the State's evidence at the preliminary hearing, it is possible that it would not have needed additional factual support before accepting Brown's pleas. But Brown waived his preliminary hearing for strategic reasons, which he acknowledged when he entered his guilty pleas. Brown's counsel told the court that he wanted to plead guilty as charged so that he could raise a multiplicity argument at sentencing. Brown's counsel also acknowledged that he wanted to plead guilty as charged because the charging document failed to allege Brown's age, which would have precluded the imposition of Jessica's Law at sentencing. The trial court continued on with its plea colloquy and eventually requested Brown provide factual support for his pleas. Most

20

likely for the same strategic reasons discussed earlier, Brown refused to provide any more factual details than alleged in the charging document. The trial court then asked if the State could provide a factual proffer, but Brown's counsel insisted that his pleas be limited to the facts in the charging document. He did this in a strategic attempt to plead guilty to the charging document before the State had an opportunity to amend and fix what he saw as a plea advantage. In fact, Brown's counsel told the trial court that if it did not accept Brown's pleas as supported by the charging document, Brown would prefer to go to trial.

The trial court had good reason, though, to be cautious in accepting Brown's pleas based on the limited facts in the charging document. We begin by noting that Brown's charging document was not a tediously detailed document that laid out each and every fact supporting each charge therein. Instead, the charging document mimicked the "bare-boned" document from *Ebaben*. Brown's charging document merely listed the dates and location of the offenses; the identities of the victims; and general statutory language identifying the crime charged. While the charging document was most likely sufficient under K.S.A. 22-3201, that is not our concern. Our concern is whether the charging document provided the trial court with a sufficient factual basis to support Brown's guilty pleas as required by K.S.A. 22-3210(a)(4).

The trial court here was concerned by the fact that the victims had the same initials and by the fact that the criminal acts could have been committed in different ways. It is true that both victims shared the initials "MDM," which could lead to some confusion. Granted, the two victims were identifiable based on their individual dates of birth, but the court was still justified in wanting to be sure each victim was correctly identified in each charge. To be sure, the court needed a more detailed factual basis.

Moreover, Brown was charged with three counts of rape, three counts of criminal sodomy, and two counts of aggravated indecent liberties with a child. When Brown was

21

charged with rape, "sexual intercourse" was defined as "any penetration of the female sex organ by a finger, the male sex organ or any object." K.S.A. 21-3501(1). Additionally, when Brown was charged with aggravated criminal sodomy, "sodomy" was defined as "oral contact or oral penetration of the female genitalia . . . ; [or] anal penetration . . . by any body part or object." K.S.A. 21-3501(2). Finally, when Brown was charged with indecent liberties with a child, "indecent liberties" meant "[a]ny lewd fondling or touching of the person of either the child or the offender." K.S.A. 21-3503. The statutory definitions above lend support for the trial court's contention that Brown's crimes could have been committed in a number of different factual ways. Moreover, Brown's charging document failed to detail how the crimes were committed.

Finally, a review of Brown's guilty pleas entered on January 7, 2011, shows that he was capable of providing a detailed factual account in relation to each crime he was charged with. Moreover, Brown's January 7, 2011, factual proffer confirms the trial court's hesitation in accepting his original pleas because the crimes could be committed in different factual ways. Thus, Brown's factual proffer supporting his eventual guilty pleas confirms that the trial court was justified in requesting a more detailed factual basis for his August 17, 2010, guilty pleas.

As a result, Brown has failed to show that his charging document was sufficiently factually detailed to support his August 17, 2010, guilty pleas. Brown refused to offer any factual basis in support of his pleas outside of the bare-boned facts alleged in the charging document. He even refused to allow the State to offer any additional factual basis. As we discussed previously, he did so to gain a strategic advantage in sentencing. Even so, the trial court was not obligated to grant him that tactical advantage without first satisfying itself that a sufficient factual basis existed to support his pleas under K.S.A. 22-3210(a)(4). And because Brown's charging document was bare-boned, we cannot say that it alone was sufficient to support his pleas. Accordingly, we hold that the trial court

22

did not abuse its discretion in rejecting Brown's August 17, 2010, pleas for lack of a sufficient factual basis.

*Was Brown's Trial Counsel Ineffective?*

As was mentioned earlier, the trial court summarily denied Brown's K.S.A. 60-1507 motion, ruling that "[m]any of Defendant's claims in this 1507 motion either were raised or could have been raised in his direct appeal." Thus, the trial court ruled that it was precluded from considering the merits of Brown's arguments based on the doctrine of res judicata. As the trial court's decision related specifically to Brown's ineffective assistance of counsel claims against Clarke, the trial court ruled:

> "As to trial counsel Michael Clarke, Defendant already raised ineffective assistance of counsel in his motion to withdraw plea. After this court's denial of the motion, Defendant appealed this court's ruling, which was affirmed by the Kansas Court of Appeals. As our Supreme Court stated: 'a K.S.A. 60-1507 motion cannot serve as a vehicle to raise an issue that should have been raised on direct appeal, unless the movant demonstrates exceptional circumstances excusing earlier failure to bring the issue before the court.' *Rowland v. State*, 289 Kan. 1076, 1087, 219 [P.]3d 1212, 1220 (2009). And Defendant may not couch issues as ineffective assistance of counsel when the issues he raises are actually issues of trial errors. The issues that were raised in the direct appeal concerning Mr. Clarke's alleged ineffectiveness of counsel were resolved by the appellate court in the State's favor. Defendant cannot now attempt to re-litigate these same issues through this 1507 action. The matters are res judicata."

Before we address the parties' arguments relating to res judicata, we note that Brown's claim of ineffective assistance of counsel cannot stand on other grounds. As we noted previously, to prevail on a claim of ineffective assistance of counsel a criminal defendant must establish two things: (1) that defense counsel's performance was deficient under the totality of the circumstances, and (2) that defense counsel's deficient

performance resulted in prejudice to the defendant. *Sola-Morales*, 300 Kan. at 882-83 (relying on *Strickland v. Washington*, 466 U.S. at 687).

Here, Brown cannot show that he was prejudiced by his trial counsel's performance. This is true because of our conclusion under Brown's first issue—that the trial court did not err in rejecting Brown's pleas under K.S.A. 22-3210(a)(4) because it lacked a sufficient factual basis. Brown's main argument in support of his ineffective assistance of counsel claim is that his trial counsel was not adequately prepared to proceed with his August 17, 2010, guilty pleas. But as we determined under Brown's first issue, the trial court was neither statutorily nor factually obligated to accept Brown's guilty pleas. Thus, despite Brown's contention that his trial counsel failed to present caselaw that would have supported his pleas, we have already shown that no such caselaw exists. And because no such caselaw exists, we can confidently say that Brown was not prejudiced by his trial counsel's performance.

Even so, Brown argues that his trial counsel "wholly failed to subject the [S]tate's case to a meaningful adversarial testing, under [*United States v.*] *Cronic*[, 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984)]." The *Cronic* exception makes it so that "a court may presume the defendant was prejudiced, *i.e.*, he or she is 'spared . . . the need of showing probable effect upon the outcome.' [Citations omitted.]" *Fuller v. State*, 303 Kan. 478, 487-88, 363 P.3d 373 (2015). The exception applies only "when a defendant is completely denied the assistance of counsel or denied counsel 'at a critical stage of a proceeding.' [Citations omitted.]" 303 Kan. at 487.

Based on *Cronic*, Brown would be expected to argue that he was "denied the assistance of counsel at a critical stage of a proceeding"—his arraignment. But other than acknowledging the *Cronic* exception's standards and making his statement that his trial counsel "wholly failed to subject the [S]tate's case to a meaningful adversarial testing," Brown fails to present such an argument. A point that is incidentally raised in a brief but

24

not sufficiently argued therein is deemed abandoned. *Sprague*, 303 Kan. at 425. And even if the issue had not been abandoned, a simple review of the record shows that Brown was not actually or constructively denied the assistance of counsel at his arraignment. As we discussed earlier, Brown's trial counsel went into arraignment with a clear goal of taking advantage of what he saw as mistakes in the State's charging document. When Brown attempted to plead guilty, the court asked for a more detailed factual basis to support the pleas. Brown's counsel told the trial court that he had looked at the plea statute and concluded that a statement of fact supporting the elements of the crime would be sufficient. The trial court disagreed with Brown's counsel, which we have determined was a proper action in this case. Thus, based on trial counsel's strategic decisions and interactions with the trial court, we cannot say that Brown was completely denied the assistance of counsel at a critical stage of a proceeding. Accordingly, the *Cronic* exception does not apply to Brown's appeal.

So, our conclusion from before does not change. Because Brown is unable to show that he was prejudiced by his trial counsel's performance, he is unable to succeed on his ineffective assistance of counsel claim. Thus, even if the trial court erred in refusing to consider the merits of his arguments based on the doctrine of res judicata, Brown has failed to show that he is entitled to relief. We now turn to whether the trial court properly concluded that Brown's ineffective assistance of counsel claim was barred by the doctrine of res judicata.

Whether the doctrine of res judicata applies is a question of law over which an appellate court exercises unlimited review. *Cain v. Jacox*, 302 Kan. 431, 434, 354 P.3d 1196 (2015). "[R]es judicata consists of four elements: '"[1] same claim; [2] same parties; [3] claims were or could have been raised; and [4] a final judgment on the merits"'. . . . The essence of the doctrine of res judicata is that issues 'once finally determined . . . cannot afterwards be litigated.' [Citation omitted.]" *State v. Kingsley*, 299 Kan. 896, 901, 326 P.3d 1083 (2014).

The doctrine of res judicata applies in the context of K.S.A. 60-1507 motions. *Woods v. State*, 52 Kan. App. 2d 958, 964-65, 379 P.3d 1134 (2016). Similarly, Supreme Court Rule 183(c)(3) (2017 Kan. S. Ct. R. 223) provides:

"A proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors must be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure to appeal."

"Exceptional circumstances" have been defined as including "'unusual events or intervening changes in the law which prevent a movant from reasonably being able to raise all of the trial errors in the first post-conviction proceeding.' [Citations omitted.]" *State v. Mitchell*, 297 Kan. 118, 123, 298 P.3d 349 (2013). Exceptional circumstances can also include ineffective assistance of counsel. *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009).

Here, the State argues that "Brown had the ability to raise all of the instant claims of ineffectiveness under the same standard in the motion to withdraw his pleas." Brown disagrees, arguing that the "evidentiary standard is much different" in a motion to withdraw plea based on ineffective assistance of counsel than in the current K.S.A. 60-1507 motion based on ineffective assistance of counsel. Brown further argues that his claim should not be barred by res judicata because "[i]n this case, the claims involved the overall performance of Mr. Clarke, not just the alleged ineffectiveness leading to the [January 7, 2011,] plea." He contends that the focus in his motion to withdraw plea "was solely on whether he would not have pled guilty after the information had been amended."

A postsentence motion to withdraw guilty plea may be granted "[t]o correct manifest injustice." K.S.A. 2016 Supp. 22-3210(d)(2). "When a postsentence motion to withdraw a plea alleges ineffective assistance of counsel, the constitutional tests for ineffective assistance must be met to establish manifest injustice." *State v. Kelly*, 298 Kan. 965, 969, 318 P.3d 987 (2014) (citing *State v. Bricker*, 292 Kan. 239, Syl. ¶ 5, 252 P.3d 118 [2011]). Thus, when ineffective assistance of counsel is alleged to support the postsentence withdrawal of a guilty plea, the appellate court performs the *Strickland* analysis as detailed in *Sola-Morales*. *Kelly*, 298 Kan. at 969.

Here, Brown made a postsentence motion to withdraw his guilty plea. To succeed on that motion, Brown was required to make a showing of manifest injustice. And because his motion was based on ineffective assistance of counsel, in order to show manifest injustice Brown was required to show (1) that defense counsel's performance was deficient under the totality of the circumstances, and (2) that defense counsel's deficient performance resulted in prejudice to the defendant. Thus, the State is correct that the standards in a motion to withdraw plea based on ineffective assistance of counsel are the same as the standards in a K.S.A. 60-1507 motion based on ineffective assistance of counsel.

Despite Brown's argument that his motion to withdraw plea was confined to the issue of whether trial counsel was ineffective in the context of his January 7, 2011, guilty pleas, we do not agree that he could not have raised his current argument in his earlier motion. Brown essentially argues that it would not have made sense for him to raise the ineffective assistance of counsel claim he raises here in his motion to withdraw plea. But his ultimate goal of withdrawing his guilty pleas could have been supported by his present argument. It is well established that a criminal defendant is entitled to pursue inconsistent defenses. *State v. Williams*, 303 Kan. 585, 599, 363 P.3d 1101 (2016). Thus, in his motion to withdraw his guilty pleas, Brown could have hedged his original argument by presenting his current argument. Specifically, Brown could have argued that

27

even if his trial counsel was not ineffective in relation to his January 7, 2011, guilty pleas, the trial court should still allow him to withdraw his guilty pleas because his trial counsel was ineffective for failing to support his initial guilty pleas—his current argument. As the trial court ruled, Brown's current ineffective assistance of counsel claim is barred by the doctrine of res judicata because he could have presented it in his earlier motion to withdraw his guilty pleas. But even if the trial court had reached the merits of Brown's ineffective assistance of counsel claim, the outcome of his case would not have changed.

In conclusion, Brown's ineffective assistance of counsel claim is not persuasive. Brown cannot show that he was prejudiced by his trial counsel's performance because the trial court was not obligated, either in law or fact, to accept his August 17, 2010, guilty pleas. Additionally, because Brown's claims were precluded by the doctrine of res judicata, he is not entitled to relief.

Affirmed.